UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
HOA LAY,

                          Plaintiff,

    -against-

SEA GATE ASSOCIATION,
ROBERTO OPPEDISANO,
and DARRIEN PHILLIPS,

                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff Hoa Lay, by his attorneys, the Lumer Law Group, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned, plaintiff was an adult male and a resident of Kings County in the State of New York.

2. At all relevant times hereinafter mentioned, defendant Sea Gate Association ("SGA") was, and is, a domestic corporation or association duly organized and existing under and by virtue of the laws of the State of New York, and located at 3700 Surf Avenue, Brooklyn, New York 11224, and acts by and through its employees and agents.

3. At all relevant times hereinafter mentioned, defendant Roberto Oppedisano, Shield No. 2403, was employed by SGA as a special police officer deputized by the City of New York, and was a state actor performing her duties under color of law. Oppedisano is sued herein in his individual capacity.

4. At all relevant times hereinafter mentioned, defendant Darrien Phillips,

Shield No. 2013, was employed by SGA as a special police officer deputized by the City of New York, and was a state actor performing her duties under color of law. Phillips is sued herein in his individual capacity.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff and defendant SGA are located, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

7. On May 4, 2017, in the afternoon hours, plaintiff and several other individuals were lawfully present outside in the vicinity of Coney Island Creek Park ("CICP").

8. Neither plaintiff nor any of the other individuals present with him were engaged in any criminal activity or any conduct that could reasonably be viewed as unlawful, criminal, or illegal.

9. At that time, individual defendants Oppedisano and Phillips approached plaintiff and the other individuals.

10. Oppedisano and Phillips were on duty and acting in their capacity as Special Police Officers ("SPOs") employed by SGA.

11. Oppedisano and Phillips were wearing their uniforms reflecting their status as SPOs, and carrying weapons.

12. As SPOs, the individual defendants were deputized by the City of New York, and were acting under color of state law.

13. The individual defendants approached plaintiff and the other individuals and demanded identification.

14. There was no legal basis for the individual defendants' demand for identification.

15. Plaintiff declined to provide his identification.

16. The individual defendants responded by forcibly handcuffing and arresting plaintiff.

17. The individual defendants did not arrest nor attempt to arrest any of the other individuals present with plaintiff.

18. The individual defendants did not issue any summons or other process nor attempt to issue any such process to any of the other individuals present with plaintiff.

19. Plaintiff was transported to a local holding area operated by the defendants precinct station house. where he was imprisoned for a period of hours while his arrest was processed.

20. Plaintiff was later transported to Kings County Central Booking, where he was imprisoned for many more hours until his arraignment on May 5, 2017.

21. While plaintiff was in defendants' custody, Oppedisano and/or Phillips completed, or caused to be completed, arrest paperwork in which the defendant(s) falsely claimed that plaintiff engaged in criminal or unlawful conduct, including, but not limited to,

assaulting defendant Darrien Phillips, obstructing governmental administration, and criminal trespass.

22. Oppedisano and/or Phillips memorialized, or caused to be memorialized, in sum and substance, allegations based on each defendant's own purported observations that plaintiff was trespassing, and that he assaulted Phillips when defendants sought to arrest him.

23. Each of these allegations was materially false as related to plaintiff.

24. At no time did defendants have sufficient legal cause to arrest and imprison plaintiff, nor was it reasonable for defendants to believe such cause existed, and as there was no probable cause to arrest plaintiff, the ensuing arrest was therefore unlawful.

25. While plaintiff was in defendants' custody, Oppedisano and/or Phillips forwarded, or caused to be forwarded, the arrest paperwork containing these materially and fundamentally false allegations to the Kings County District Attorney's office ("KCDA").

26. The individual defendants communicated this falsified narrative to the KCDA, in relevant part, to justify plaintiff's unlawful arrest and to persuade the KCDA to commence plaintiff's criminal prosecution.

27. Upon information and belief, shortly after this information was forwarded to the KCDA, but prior to plaintiff's arraignment, Oppedisano spoke with the KCDA about the paperwork he had submitted, or caused to be submitted, and confirmed his fabricated narrative in order to ensure that the KCDA would initiate the prosecution.

28. The defendants successfully convinced the KCDA to commence

plaintiff's criminal prosecution, and plaintiff was formally arraigned in Kings County Criminal Court under Docket 2017KN025945 on various charges of assault, obstructing governmental administration, resisting arrest, trespassing, and harrasment.

29. Plaintiff was subsequently obligate to return to court on numerous occasions as the prosecution against him continued.

30. Plaintiff was never indicted, although at least one of the charges was a felony.

31. Upon information and belief, all charges against plaintiff were dismissed, and the criminal prosecution terminated in plaintiff's favor, on speedy trial grounds.

32. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the SGA's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

(Section 1983 Cause of Action for False Arrest)

33. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

34. The individual defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

35. Plaintiff had not been engaged in any criminal conduct, nor was he

engaged in any conduct that could reasonably be viewed as criminal.

36. Despite the absence of sufficient legal cause, plaintiff was arrested and jailed.

37. To the extent that either of the individual defendants did not affirmatively engage in this conduct, each such defendant was aware of his fellow officers' misconduct, had ample opportunity to intervene and prevent or limit the constitutional harms being visited on the plaintiff, but failed to do so.

38. By so doing, the individual defendants subjected plaintiff to false arrest and imprisonment, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth Amendment of the United States Constitution.

39. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, economic damages, and mental anguish.

## SECOND CAUSE OF ACTION

(Section 1983 Cause of Action for Denial of a Fair Trial)

40. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

41. The individual defendants willfully and intentionally fabricated evidence by falsely memorializing claims to have witnessed plaintiff engage in criminal or unlawful activity, and then forwarded these materially false claims to the KCDA in order to justify their arrest of plaintiff, and to justify, bring about and cause plaintiff to be deprived of

his liberty and to be criminally prosecuted.

42. To the extent that any of the individual defendants did not affirmatively engage in this conduct, each such defendant was aware of his or her fellow officers' misconduct, had ample opportunity to intervene and prevent or limit the constitutional harms being visited on the plaintiff, but failed to do so.

31. By so doing, the individual defendants subjected the plaintiff to the denial of a fair trial and violation of his right to due process fabricating evidence and otherwise providing prosecutors with a materially false and misleading version of events, and thereby violated plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

43. By reason thereof, the individual defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, economic damages, and mental anguish.

## THIRD CAUSE OF ACTION

(Section 1983 Cause of Action for Malicious Prosecution)

44. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

45. The individual defendants willfully, deliberately, and maliciously caused the initiation of plaintiff's criminal prosecution by presenting the KCDA with a materially misleading version of facts grounded in fabricated evidence, and continuing to maintain this false narrative until the case was eventually dismissed.

46. To the extent that any of the individual defendants did not affirmatively engage in this conduct, each such defendant was aware of his or her fellow officers' misconduct, had ample opportunity to intervene and prevent or limit the constitutional harms being visited on the plaintiff, but failed to do so.

47. By so doing, the individual defendants caused plaintiff to be maliciously prosecuted, and thereby violated plaintiff's rights under the Fourth Amendment of the United States Constitution.

48. By reason thereof, the individual defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, economic damages, and mental anguish.

## FOURTH CAUSE OF ACTION

(Section 1983 Cause of Action for Violation of Plaintiff's Right to Free Speech)

49. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

50. The individual defendants arrested plaintiff in response to his verbalized refusal to produce his identification.

51. The defendants' decision to arrest plaintiff, and subsequent factual fabrications to justify the arrest and to punish plaintiff by bringing about a criminal prosecution for crimes plaintiff never committed, was in direct response to plaintiff's assertion of his First Amendment right to free speech, and was designed to chill such acts of free speech, whether by plaintiff or by any other individual.

52. To the extent that any of the individual defendants did not affirmatively engage in this conduct, each such defendant was aware of his or her fellow officers' misconduct, had ample opportunity to intervene and prevent or limit the constitutional harms being visited on the plaintiff, but failed to do so.

53. By so doing, the individual defendants violated plaintiff's right to free speech under the First Amendment of the United States Constitution.

54. By reason thereof, the individual defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, economic damages, and mental anguish.

## **FIFTH CAUSE OF ACTION**

(Section 1983 Cause of Action for Excessive Force)

55. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

56. The individual defendants willfully, deliberately, and maliciously used physical force to effectuate the plaintiff's arrest, including the threatened use of a taser, and caused plaintiff to suffer physical and emotional injuries.

57. The force employed by the individual defendants was unreasonable and unnecessary under the circumstances, and no reasonable officer could have believed that such force was reasonable or necessary.

58. By so doing, the individual defendants employed excessive force, and thereby violated plaintiff's rights under the Fourth Amendment of the United States

Constitution.

59. By reason thereof, the individual defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries and mental anguish.

## SIXTH CAUSE OF ACTION

(Vicarious Liability)

60. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

61. Defendant SGA operates the SGA Police Department, which employs the individual defendants as SPOs.

62. Defendant SGA is vicariously liable for the acts and conduct of its SPOs when such actions are performed in the scope of their employment by SGA.

63. Accordingly, SGA is vicariously liable for the foregoing violations of plaintiff's civil rights.

64. By reason thereof, SGA has caused plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, economic damages, and mental anguish.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against the individual defendants and the City of New York as follows:

    i.    actual and punitive damages against the individual defendant in an amount to be determined at trial;

    ii.    actual and punitive damages against Sea Gate Association in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988, as well as disbursements, expenses, and costs of the action; and

    iv.    such other relief as the Court deems just and proper.

Dated:  New York, New York
          May 21, 2019

                              LUMER LAW GROUP
                              Attorneys for Plaintiff

                              */s/ Michael Lumer*
                              Michael Lumer, Esq.
                              305 Broadway, Suite 1400
                              New York, New York 10007
                              (212) 566-5060