UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HOA LAY,                                                    Civil Action No. 19-CV-03076

                                    Plaintiff,
                                                            **VERIFIED ANSWER**

            - against -

SEA GATE ASSOCIATION, ROBERTO OPPEDISANO,
and DARRIEN PHILLIPS,

                                    Defendants.
-------------------------------------------------------------------X

Defendants, SEAGATE ASSOCIATION, ROBERTO OPPEDISANO and DARRIEN

PHILLIPS, ("Defendants"), by and through their attorneys, Goldberg Segalla LLP, set forth the

following upon information and belief as and for their Verified Answer to the Verified Complaint

of Plaintiff herein:

1.      Defendants deny each and every allegation contained in paragraph "1" of the

Verified Complaint.

2.      Defendants deny each and every allegation contained in paragraph "2" of the

Verified Complaint.

3.      Defendants deny each and every allegation contained in paragraph "3" of the

Verified Complaint except admit that the defendant Roberto Oppedisano, was employed as a peace

officer with Sea Gate Police Department.

4.      Defendants deny each and every allegation contained in paragraph "4" of the

Verified Complaint except admit that the defendant Darrien Phillips was employed as a peace

officer with the Sea Gate Police Department.

5.      Defendants deny each and every allegation contained in paragraph "5" of the Verified Complaint and respectfully refer all questions of law to the Court.

6.      Defendants deny each and every allegation contained in paragraph "6" of the Verified Complaint and respectfully refer all questions of law to the Court.

7.      Defendants deny having knowledge or information sufficient to form a belief as to the allegation contained in paragraph "7" of the Verified Complaint and respectfully refer all questions of law to the Court.

8.      Defendants deny each and every allegation contained in paragraph "8" of the Verified Complaint.

9.      Defendants deny each and every allegation contained in paragraph "9" of the Verified Complaint.

10.     Defendants deny each and every allegation contained in paragraph "10" of the Verified Complaint.

11.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "11" of the Verified Complaint.

12.     Defendants deny each and every allegation contained in paragraph "12" of the Verified Complaint and respectfully refer all questions of law to the Court at the trial of this action.

13.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "13" of the Verified Complaint, and respectfully refer all questions of law to the Court at the trial of this action.

14.     Defendants deny each and every allegation contained in paragraph "14" of the Verified Complaint.

15.    Defendants deny knowledge or information sufficient to form a belief as to the allegation contained in paragraph "15" of the Verified Complaint and respectfully refer all questions of law to the Court.

16.    Defendants deny each and every allegation contained in paragraph "16" of the Verified Complaint.

17.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "17" of the Verified Complaint and respectfully refer all questions of law to the Court at the trial of this action.

18.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "18" of the Verified Complaint and respectfully refer all questions of law to the Court at the trial of this action.

19.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "19" of the Verified Complaint, and respectfully refer all questions of law to the Court.

20.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "20" of the Verified Complaint, and respectfully refer all questions of law to the Court.

21.    Defendants deny each and every allegation contained in paragraph "21" of the Verified Complaint.

22.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "22" of the Verified Complaint, and respectfully refer all questions of law to the Court at the trial of this action.

23.     Defendants deny each and every allegation contained in paragraph "23" of the Verified Complaint.

24.     Defendants deny each and every allegation contained in paragraph "24" of the Verified Complaint.

25.     Defendants deny each and every allegation contained in paragraph "25" of the Verified Complaint.

26.     Defendants deny each and every allegation contained in paragraph "26" of the Verified Complaint.

27.     Defendants deny each and every allegation contained in paragraph "27" of the Verified Complaint.

28.     Defendants deny each and every allegation contained in paragraph "28" of the Verified Complaint.

29.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "29" of the Verified Complaint, and respectfully refer all questions of law to the Court at the trial of this action.

30.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "30" of the Verified Complaint, and respectfully refer all questions of law to the Court.

31.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "31" of the Verified Complaint.

32.     Defendants deny each and every allegation contained in paragraph "32" of the Verified Complaint.

## AS AND FOR A RESPONSE TO FIRST CAUSE OF ACTION

33.     Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with respect to paragraphs referred to in paragraphs numbered "1" through "32" of the Verified Complaint, as if more specifically set forth in answer to paragraph "33" of Plaintiff's Complaint.

34.     Defendants deny each and every allegation contained in paragraph "34" of the Verified Complaint.

35.     Defendants deny each and every allegation contained in paragraph "35" of the Verified Complaint.

36.     Defendants deny each and every allegation contained in paragraph "36" of the Verified Complaint.

37.     Defendants deny each and every allegation contained in paragraph "37" of the Verified Complaint.

38.     Defendants deny each and every allegation contained in paragraph "38" of the Verified Complaint.

39.     Defendants deny each and every allegation contained in paragraph "39" of the Verified Complaint.

## AS AND FOR A RESPONSE TO SECOND CAUSE OF ACTION

40.     Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with respect to paragraphs referred to in paragraphs numbered "1" through "39" of the Verified Complaint, as if more specifically set forth in answer to paragraph "40" of Plaintiff's Complaint.

41.     Defendants deny each and every allegation contained in paragraph "41" of the Verified Complaint.

42.     Defendants deny each and every allegation contained in paragraph "42" of the Verified Complaint.

43.     Defendants deny each and every allegation contained in incorrectly marked paragraph "31" of the Verified Complaint.

44.     Defendants deny each and every allegation contained in paragraph marked "43" of the Verified Complaint.

## AS AND FOR A RESPONSE TO THIRD CAUSE OF ACTION

45.     Defendant repeats, reiterates and realleges each and every denial hereinabove set forth with respect to paragraphs referred to in paragraphs numbered "1" through "43" of the Verified Complaint, as if more specifically set forth in answer to paragraph "44" of Plaintiffs Complaint.

46.     Defendants deny each and every allegation contained in paragraph marked "45" of the Verified Complaint.

47.     Defendants deny each and every allegation contained in paragraph "46" of the Verified Complaint.

48.     Defendants deny each and every allegation contained in paragraph "47" of the Verified Complaint.

49.     Defendants deny each and every allegation contained in paragraph "48" of the Verified Complaint.

## AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION

50.     Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with respect to paragraphs referred to in paragraphs numbered "1" through "48" of the Verified Complaint, as if more specifically set forth in answer to paragraph "49" of Plaintiffs Complaint.

51.     Defendants deny each and every allegation contained in paragraph "50" of the Verified Complaint.

52.     Defendants deny each and every allegation contained in paragraph "51" of the Verified Complaint.

53.     Defendants deny each and every allegation contained in paragraph "52" of the Verified Complaint.

54.     Defendants deny each and every allegation contained in paragraph "53" of the Verified Complaint.

55.     Defendants deny each and every allegation contained in paragraph "54" of the Verified Complaint.

## AS AND FOR A RESPONSE TO THE FIFTH CAUSE OF ACTION

56.     Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with respect to paragraphs referred to in paragraphs numbered "1" through "54" of the Verified Complaint, as if more specifically set forth in answer to paragraph "55" of Plaintiff's Complaint.

57.     Defendants deny each and every allegation contained in paragraph "56" of the Verified Complaint.

58.     Defendants deny each and every allegation contained in paragraph "57" of the Verified Complaint.

59.     Defendants deny each and every allegation contained in paragraph "58" of the Verified Complaint.

60.     Defendants deny each and every allegation contained in paragraph "59" of the Verified Complaint.

## AS AND FOR A RESPONSE TO THE SIXTH CAUSE OF ACTION

61.     Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with respect to paragraphs referred to in paragraphs numbered "1" through "59" of the Verified Complaint, as if more specifically set forth in answer to paragraph "60" of Plaintiff's Complaint.

62.     Defendants deny each and every allegation contained in paragraph "61 of the Verified Complaint.

63.     Defendants deny each and every allegation contained in paragraph "62" of the Verified Complaint.

64.     Defendants deny each and every allegation contained in paragraph "63" of the Verified Complaint.

65.     Defendants deny each and every allegation contained in paragraph "64" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

66.     Plaintiff's Verified Complaint fails to states a cause of action upon which relief may be granted as against these answering defendants.

23475345.v1

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

67.     The negligence of Plaintiff was a proximate, contributing, or superseding cause of his alleged damages.  Such negligence or fault, therefore, bars or diminishes any liability of Defendants for any alleged damages sustained by Plaintiff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

68.     The negligence or fault of persons other than Defendants was a proximate, contributing, or superseding cause of Plaintiff's alleged damages or resulting loss.   Such negligence or fault, therefore, bars or diminishes liability of Defendants for any alleged damages sustained by Plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

69.     Plaintiff assumed the risk of any and all damages alleged in the Verified Complaint.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

70.     To the extent discovery may show or demonstrate all or part of Plaintiff's claims which form the basis of his Verified Complaint have either been settled or adjudicated, the doctrines of res judicata, collateral estoppel, payment and release, waiver, and accord and satisfaction bar Plaintiff's claims against Defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

71.     Any assessment of damages against Defendants should be limited pursuant to Article 16 of the New York Civil Practice Law and Rules.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

72.     Any damages awarded to Plaintiff must be reduced by the amount Plaintiff received or will receive from any collateral source, including, but not limited to, Medicare, Medicaid, insurance, social security, workers' compensation, or employee benefit programs, that the Court

finds was, or will with reasonable certainty, be replaced or indemnified pursuant to Section 4545(a) of the New York Civil Practice Law and Rules.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

73.    Plaintiff failed to join feasible and necessary parties to afford a just adjudication of the causes of action alleged in the Verified Complaint to wit The City of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

74.    Plaintiff failed to take reasonable action to mitigate the injuries and damages alleged in the Verified Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

75.    This court lacks subject matter jurisdiction over the defendants.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

76.    To the extent that any party or non-party is found to have fault for Plaintiff's alleged injuries, Plaintiff's damages should be apportioned in accordance with the comparative fault of all parties at fault.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

77.    That at all times herein mentioned, and mentioned in the Complaint, the peace officers, and/or agents, servants or employees of Defendant, Sea Gate Associates who had anything to do with the Plaintiff were acting in the performance of their respective duties as peace officers, and/or agents, servants or employees of Sea Gate Associates; that all of the acts performed by each peace officer, and/or agent, servant or employee of Sea Gate Associates in connection with Plaintiff were performed in good faith, without malice, and with reasonable and proper cause; in the ordinary course of their duties as such peace officers, and/or agents, servants or employees

of the Answering Defendants and as peace officers of the State of New York, and as required by them and each of them by reason of Plaintiff's conduct and Plaintiff's arrest and confinement.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

78.     The actions complained of were in full accord with the applicable law.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

79.     Plaintiff's constitutional and statutory rights have not been violated by the Defendants herein.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

80.     The alleged acts or omissions of the Answering Defendants were not the proximate cause of any injuries or damages incurred by Plaintiff and any injuries or damages incurred by Plaintiff were the result of his own actions, the actions of others and/or the superseding intervention of causes outside the control of the Answering Defendants.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

81.     If the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained through and by virtue of the negligent, reckless and/or wrongful conduct, acts or omissions of a third party, without any negligence, wrongdoing acts or omissions on the part of Answering Defendants' contributing thereto.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

82.     Should the Plaintiff recover damages as a result of a finding of liability in whole or in part as against Answering Defendants, such recovery should be reduced and diminished in proportion to the degree of comparative negligence, recklessness and/or wrongdoing of Plaintiff in contributing to such damages.

23475345.v1

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

83.     The answering defendant, pursuant to §1412 of the CPLR, alleges upon information and belief that if the plaintiff sustained any injuries or damages at the time and place alleged in the complaint, such injuries or damages were the result of the culpable conduct of the plaintiff because of the plaintiff's negligence or assumption of risk.  Should it be found, however, that answering defendants were jointly or severally liable to the plaintiff herein, any liability being specifically denied, answering defendants demand that any damages that are found to be apportioned among the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for each occurrence

WHEREFORE, Defendants demand judgment dismissing Plaintiff's Verified Complaint, and further demand judgment for the amount of any judgment obtained against Defendants on the basis of apportionment of responsibility in such amounts as a jury or Court may direct, together with the costs and disbursements of this action.

Dated: Garden City, New York
      July 29, 2019

                                      Yours, etc.,

                                      GOLDBERG SEGALLA LLP

By:            _____
                                      Jeffrey Migdalen, Esq.
                                      Attorneys for Defendants – *Seagate Association*
                                      200 Garden City Plaza, Suite 520
                                      Garden City, New York 11530
                                      (516) 281-9800
                                      GS File No.: 6382.0004

TO:    Michael Lumer, Esq.
       Lumer Law Group
       305 Broadway, Suite 1400
       New York, New York 10007
       (212) 566-5060
       Attorneys for Plaintiff

23475345.v1

## **VERIFICATION**

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF NASSAU     )

       JEFFREY MIGDALEN, an attorney duly admitted to practice law in the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

1.     I am the attorney answering for Defendants SEA GATE ASSOCIATION.

2.     I have read the annexed Verified Answer and know the contents thereof and the same are true to my knowledge except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief as to those matters therein not stated upon knowledge is based up a review of the files maintained in my office and discussions with my clients.

3.     The reason this Verification is made by your affirmant and not by the Sea Gate Association because the Sea Gate Association does not maintain an office in the County in which I maintain my office.

Dated: Garden City, New York
       July 29, 2019

                                           _____
                                              JEFFREY MIGDALEN

## VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NASSAU           )

JEFFREY MIGDALEN, an attorney duly admitted to practice law in the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

1.      I am the attorney for answering Defendant ROBERTO OPPEDISANO.

2.      I have read the annexed Verified Answer and know the contents thereof and the same are true to my knowledge except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief as to those matters therein not stated upon knowledge is based up a review of the files maintained in my office and discussions with my clients.

3.      The reason this Verification is made by your affirmant and not by Defendant is that Defendant does not maintain an office in the County in which I maintain my office.

Dated: Garden City, New York
       July 29, 2019

_____
JEFFREY MIGDALEN

23475345.v1

## **VERIFICATION**

STATE OF NEW YORK    )
                           ) ss.:
COUNTY OF NASSAU    )

      JEFFREY MIGDALEN, an attorney duly admitted to practice law in the Courts of the

State of New York, affirms the following to be true under the penalties of perjury:

    1.     I am the attorney for answering Defendant DARRIEN PHILLIPS.

    2.     I have read the annexed Verified Answer and know the contents thereof and the

         same are true to my knowledge except those matters therein which are stated to be

         alleged upon information and belief, and as to those matters I believe them to be

         true.  My belief as to those matters therein not stated upon knowledge is based up

         a review of the files maintained in my office and discussions with my clients.

    3.     The reason this Verification is made by your affirmant and not by Defendants is

         that Defendant does not maintain an office in the County in which I maintain my

         office.

Dated: Garden City, New York
       July 29, 2019

                                      _____
                                      JEFFREY MIGDALEN