

Erin N Mackin | Associate
Direct 516.267.5920 | emackin@goldbergsegalla.com

March 5, 2020

**_VIA ECF_**

Judge William F. Kuntz, II
U.S. District Court - Eastern District
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   **Hoa Lay v. Sea Gate Association, et al**
                 EDNY 19-CV-3076
               GS File No. 6382.0004

Dear Judge Kuntz:

        Goldberg Segalla represents defendants, Sea Gate Association, Roberto Oppedisano, and Darrien Phillips (hereinafter "Seagate") in connection with the above-referenced matter. Pursuant to Your Honor's Individual Practices Rule III (B) (2), and at the request of Magistrate Judge Robert M. Levy, we are hereby writing to request leave to implead The City of New York in this matter pursuant to Federal Rules of Civil Procedure §14(a)(1).

        This matter arises out of an incident that is alleged to have occurred on May 4, 2017. Plaintiff, a non-resident of the Sea Gate Community is alleged to have trespassed on property located inside the Sea Gate Community. Plaintiff was asked to vacate the premises and as a result, an altercation ensued. Plaintiff was arrested and taken to the Sea Gate Police Department; he was then transferred to the custody of the New York City Police Department where he was processed and later prosecuted for trespass by the Kings County District Attorney's Office. As a result of the incident, plaintiff alleges he was assaulted, falsely arrested, falsely imprisoned, and claims excessive force was used in the making of the arrest. Despite the City of New York's involvement in Plaintiff's arrest and prosecution, Plaintiff commenced this action against Seagate only.

        On February 20, 2020, the undersigned and plaintiff's counsel conferenced this case with Magistrate Judge Levy. During the Conference, we discussed impleading the City of New York in this matter. Plaintiff's counsel consented to our request to do so. As such, we are hereby writing to request leave to implead the City of New York in this matter or in the alternative for a Pre-Motion Conference regarding this issue.

        By way of reference, I have enclosed a copy of our proposed third-party complaint.

**Please send mail to our scanning center at: P.O. Box 780, Buffalo, NY 14201**

**Office Location:** 200 Garden City Plaza, Suite 520, Garden City, NY 11530-3203 | 516-281-9800 | Fax: 516-281-9801 | **www.goldbergsegalla.com**
    CALIFORNIA | CONNECTICUT | FLORIDA | ILLINOIS | NEW JERSEY | NEW YORK | NORTH CAROLINA | MARYLAND | MISSOURI | PENNSYLVANIA | UNITED KINGDOM
25730584.v1

Judge William F. Kuntz, II
March 5, 2020
Page 2

    Thanking the Court for its consideration, I remain.

                                  Respectfully submitted,

                                  **GOLDBERG SEGALLA LLP**

                                  Erin N. Mackin

ENM:mk

cc:  All parties via ECF

25730584.v1

AO 441 (Rev. 07/10) Summons on Third-Party Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Hoa Lay<br>*Plaintiff*<br>v.<br>Sea Gate Association, Oppedisano and Phillips<br>*Defendant, Third-party plaintiff*<br>v.<br>The City of New York<br>*Third-party defendant* | )<br>)<br>) Civil Action No. 19-CV-03076<br>)<br>)<br>)<br>)<br>) |

**SUMMONS ON A THIRD-PARTY COMPLAINT**

To: *(Third-party defendant's name and address)*   The City of New York
100 Church Street
New York, New York 10007

A lawsuit has been filed against defendant   The City of New York  , who as third-party plaintiff is making this claim against you to pay part or all of what the defendant may owe to the plaintiff   Hoa Lay  .

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff and on the defendant an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the defendant or defendant's attorney, whose name and address are:

Goldberg Segalla LLP
200 Garden City Plaza, Suite 520, Garden City, New York 11520

It must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Lumer Law Group
305 Broadway, Suite 1400, New York, New York 10007

If you fail to respond, judgment by default will be entered against you for the relief demanded in the third-party complaint. You also must file the answer or motion with the court and serve it on any other parties.

A copy of the plaintiff's complaint is also attached. You may – but are not required to – respond to it.

Date:   03/04/2020

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HOA LAY,                                              Civil Action No. 19-CV-03076

                              Plaintiff,
  -against-                                             **THIRD-PARTY**
                                                                        **COMPLAINT**

SEA GATE ASSOCIATION, ROBERTO
OPPEDISANO and DARRIEN PHILLIPS,

                              Defendants.
-------------------------------------------------------------X
SEA GATE ASSOCIATION, ROBERTO
OPPEDISANO and DARRIEN PHILLIPS,

                              Third-Party Plaintiffs,

  -against-

THE CITY OF NEW YORK,

                              Third-Party Defendant.
-------------------------------------------------------------X

The Defendants/Third-Party Plaintiffs, SEA GATE ASSOCIATION, ROBERTO OPPEDISANO and DARRIEN PHILLIPS, by their attorneys, GOLDBERG SEGALLA LLP, complain of the Third-Party Defendant, THE CITY OF NEW YORK, by alleging the following:

## PARTIES

1.    That at all times hereinafter mentioned, the Defendant/Third-Party Plaintiff, SEA GATE ASSOCIATION, whose principal place of business is located at 3700 Surf Avenue, Brooklyn, New York 11224.

2.    That at all times hereinafter mentioned, the Defendant/Third-Party Plaintiff, ROBERTO OPPEDISANO, was employed by Sea Gate Police Department as a peace officer at the time of the subject incident.

3. That at all times hereinafter mentioned, the Defendant/Third-Party Plaintiff, DARRIEN PHILLIPS, was employed by Sea Gate Police Department as a peace officer at the time of the subject incident..

4. That at all times hereinafter mentioned, Third-Party Defendant, THE CITY OF NEW YORK, was and still is a domestic municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

## PARTIES, JURISDICTION AND VENUE

5. On or about May 21, 2019, the Plaintiff, Hoa Lay, ("Plaintiff") commenced an action against the Defendants/Third-Party Plaintiffs seeking to recover damages for assault, false arrest, false imprisonment, and excessive force under Section 1983 which was allegedly sustained on May 4, 2017. A copy of the Summons and Complaint is annexed hereto as Exhibit "A".

6. Plaintiff's underlying complaint asserts that jurisdiction is proper under 28 U.S.C. §1331, 28 U.S.C. §1343 and 42 U.S.C. §1983. Venue is proper pursuant to 28 U.S.C. §1391 in the Eastern District where the Defendants are located.

7. Defendants/Third Party Plaintiffs asserts their Third-Party Compliant pursuant to Fed. R. Civ. P. 14 relates to the claims asserted in the Plaintiff's complaint.

8. The Court has supplemental jurisdiction of Defendants/Third-Party Plaintiffs' claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the Plaintiff's claim that they form part of the same case in controversy under Article III of the United States Constitution.

9. The Court has federal jurisdiction over this matter pursuant to Federal Question under 28 U.S.C. § 1331.

10. On or about July 29, 2019, the Defendants/Third-Party Plaintiffs served a Verified Answer to Plaintiff's complaint. A copy of the Answer is annexed hereto as Exhibit "B".

11. A copy of the Plaintiff's Rule 26 Disclosure dated July 31, 2019, which contains the Criminal Compliant and Kings County District Attorney records is annexed hereto as Exhibit "C".

## RELEVANT FACTS

12. The Criminal Complaint states that the Plaintiff committed various offenses including criminal trespass, obstructing governmental administration, assault, resisting arrest, and harassment on May 4, 2017 at 3:30 p.m. at 5010 Oceanview Avenue, County of Kings, State of New York.

13. The Criminal Complaint further alleges that on May 4, 2017, in the afternoon hours, plaintiff and several other individuals were present inside the Sea Gate Community.

14. At that time, individual defendants Officer Oppedisano and Officer Phillips received a call regarding trespass at the location of 5100 Seaview, Sea Gate, New York.

15. Oppedisano and Phillips were on duty and acting in their capacity as Special Police Officers ("SPOs") employed by Sea Gate.

16. Defendants, Oppedisano and Phillips responded to the call at 5100 Oceanview Avenue and requested plaintiff provide his identification.

17. Plaintiff declined to provide his identification.

18. Thereafter, Plaintiff was arrested and taken to Sea Gate Police Department's precinct station house.

19. Plaintiff was then taken into custody by the New York City Police Department at Precinct PSA1 where he remained until he was processed at Kings County Central Booking.

20. Plaintiff was then prosecuted and formally arraigned in Kings County Criminal Court under Docket 2017KN025945 on various charges of assault, obstructing governmental administration, resisting arrest, trespassing, and harassment.

21. Plaintiff was subsequently obligated to return to court on numerous occasions as the prosecution against him continued.

22. Plaintiff alleges he was never indicted, although at least one of the charges was a felony.

## AS AND FOR A FIRST CAUSE OF ACTION

23. That Defendants/Third-Party Plaintiffs hereby repeats, reiterates, and re-alleges each and every allegation designated "1" through "22" herein with the same force and effect as if the same were set forth fully herein.

24. Plaintiff alleges that he sustained injuries and damages on May 4, 2017 when he was arrested for criminal trespass, obstructing governmental administration, assault, resisting arrest and harassment at 5010 Oceanview Avenue, County of Kings, State of New York.

25. That if Plaintiff sustained the damages claimed, said damages and injuries were sustained by reason of such carelessness, recklessness and negligence by Third-Party Defendant, its agents, servants and/or its employees.

26. That by reason of the foregoing, Third-Party Defendant will be liable to Defendants/Third-Party Plaintiffs for the proportion thereof caused by the relative responsibility of third-party defendants, and based upon the apportionment of fault of the parties.

## AS AND FOR A SECOND CAUSE OF ACTION

27. That Defendants/Third-Party Plaintiffs hereby repeats, reiterates, and re-alleges each and every allegation designated "1" through "26" herein with the same force and effect as if the same were set forth fully herein.

28. That if Plaintiff herein recovers a judgment against Defendants/Third-Party Plaintiffs for the damages he allegedly sustained at the time and place referenced in Plaintiff's Verified Complaint, such damages and liability imposed upon Defendants/Third-Party Plaintiffs have been caused and brought about by the reason of the primary or active acts of Third-Party Defendant, their agents, servants, and all employees, in permitting, causing, and/or contributing to the alleged incident and damages set forth in Plaintiff's Verified Complaint, and by Third-Party Defendant's general failure to exercise care and diligence, all without any active or primary negligence on the part of Defendants/Third-Party Plaintiffs contributing thereto.

29. That if Defendants/Third-Party Plaintiffs are held liable to Plaintiff in any respect, such liability will be due solely to the active or primary negligence of Third-Party Defendant, and each of their agents, servants, and/or employees.

30. That by reason of the foregoing, Third-Party Defendant will be liable for common law indemnity to Defendants/Third-Party Plaintiffs in the full amount of any recovery herein by Plaintiff, and Third-Party Defendants are bound to pay any and all attorneys' fees, costs of investigations, and disbursements related to the defense of this action.

**WHEREFORE,** the Defendants/Third-Party Plaintiffs, SEA GATE ASSOCIATION, ROBERTO OPPEDISANO and DARRIEN PHILLIPS, demand full judgment on their third-party

claims against the third-party defendants, for all or part of the verdict or judgment, if any, obtained herein against defendants/third-party plaintiffs; including attorneys' fees, together with the costs and disbursements of this action.

Dated: Garden City, New York
       March 4, 2020

                                       Yours etc.,

                                       GOLDBERG SEGALLA, LLP

By:    By: Erin N. Mackin, Esq.

*Attorneys for Defendants*
Mailing Address:
P.O. Box 780, Buffalo, New York 14201
200 Garden City Plaza, Suite 520
Garden City, New York  11530
(516) 281-9800
GS File No.: 6382.0004

TO:    **VIA NEW YORK SECRETARY OF STATE**

THE CITY OF NEW YORK
100 Church Street
New York, New York 10007

Michael Lumer, Esq.
Lumer Law Group
*Attorneys for Plaintiff*
305 Broadway, Suite 1400
New York, New York 10007

25750544.v1