UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

HOA LAY,

                           Plaintiff,

      -against-

SEA GATE ASSOCIATION, ROBERTO
OPPEDISANO and DARRIEN PHILLIPS,

                      Defendants.

---------------------------------------------------------------X

SEA GATE ASSOCIATION, ROBERTO
OPPEDISANO and DARRIEN PHILLIPS,

                Third-Party Plaintiffs,

      -against-

THE CITY OF NEW YORK,

                Third-Party Defendant.

---------------------------------------------------------------X

Civil Action No. 19-CV-03076

**THIRD-PARTY
COMPLAINT**

      The Defendants/Third-Party Plaintiffs, SEA GATE ASSOCIATION, ROBERTO

OPPEDISANO and DARRIEN PHILLIPS, by their attorneys, GOLDBERG SEGALLA LLP,

complain of the Third-Party Defendant, THE CITY OF NEW YORK, by alleging the following:

## **PARTIES**

      1.     That at all times hereinafter mentioned, the Defendant/Third-Party Plaintiff, SEA

GATE ASSOCIATION, whose principal place of business is located at 3700 Surf Avenue,

Brooklyn, New York 11224.

      2.     That at all times hereinafter mentioned, the Defendant/Third-Party Plaintiff,

ROBERTO OPPEDISANO, was employed by Sea Gate Police Department as a peace officer at the

time of the subject incident.

3.      That at all times hereinafter mentioned, the Defendant/Third-Party Plaintiff, DARRIEN PHILLIPS, was employed by Sea Gate Police Department as a peace officer at the time of the subject incident.

4.      That at all times hereinafter mentioned, Third-Party Defendant, THE CITY OF NEW YORK, was and still is a domestic municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

## PARTIES, JURISDICTION AND VENUE

5.      On or about May 21, 2019, the Plaintiff, Hoa Lay, ("Plaintiff") commenced an action against the Defendants/Third-Party Plaintiffs seeking to recover damages for assault, false arrest, false imprisonment, and excessive force under Section 1983 which was allegedly sustained on May 4, 2017. A copy of the Summons and Complaint is annexed hereto as Exhibit "A".

6.      Plaintiff's underlying complaint asserts that jurisdiction is proper under 28 U.S.C. §1331, 28 U.S.C. §1343 and 42 U.S.C. §1983. Venue is proper pursuant to 28 U.S.C. §1391 in the Eastern District where the Defendants are located.

7.      Defendants/Third Party Plaintiffs asserts their Third-Party Compliant pursuant to Fed. R. Civ. P. 14 relates to the claims asserted in the Plaintiff's complaint.

8.      The Court has supplemental jurisdiction of Defendants/Third-Party Plaintiffs' claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the Plaintiff's claim that they form part of the same case in controversy under Article III of the United States Constitution.

9.      The Court has federal jurisdiction over this matter pursuant to Federal Question under 28 U.S.C. § 1331.

10.     On or about July 29, 2019, the Defendants/Third-Party Plaintiffs served a Verified Answer to Plaintiff's complaint.  A copy of the Answer is annexed hereto as Exhibit "B".

11.     A copy of the Plaintiff's Rule 26 Disclosure dated July 31, 2019, which contains the Criminal Compliant and Kings County District Attorney records is annexed hereto as Exhibit "C".

## RELEVANT FACTS

12.     The Criminal Complaint states that the Plaintiff committed various offenses including criminal trespass, obstructing governmental administration, assault, resisting arrest, and harassment on May 4, 2017 at 3:30 p.m. at 5010 Oceanview Avenue, County of Kings, State of New York.

13.     The Criminal Complaint further alleges that on May 4, 2017, in the afternoon hours, plaintiff and several other individuals were present inside the Sea Gate Community.

14.     At that time, individual defendants Officer Oppedisano and Officer Phillips received a call regarding trespass at the location of 5100 Seaview, Sea Gate, New York.

15.     Oppedisano and Phillips were on duty and acting in their capacity as Special Police Officers ("SPOs") employed by Sea Gate.

16.     Defendants, Oppedisano and Phillips responded to the call at 5100 Oceanview Avenue and requested plaintiff provide his identification.

17.     Plaintiff declined to provide his identification.

18.     Thereafter, Plaintiff was arrested and taken to Sea Gate Police Department's precinct station house.

19.     Plaintiff was then taken into custody by the New York City Police Department at Precinct PSA1 where he remained until he was processed at Kings County Central Booking.

20.     Plaintiff was then prosecuted and formally arraigned in Kings County Criminal Court under Docket 2017KN025945 on various charges of assault, obstructing governmental administration, resisting arrest, trespassing, and harassment.

21.     Plaintiff was subsequently obligated to return to court on numerous occasions as the prosecution against him continued.

22.     Plaintiff alleges he was never indicted, although at least one of the charges was a felony.

## AS AND FOR A FIRST CAUSE OF ACTION

23.     That Defendants/Third-Party Plaintiffs hereby repeats, reiterates, and re-alleges each and every allegation designated "1" through "22" herein with the same force and effect as if the same were set forth fully herein.

24.     Plaintiff alleges that he sustained injuries and damages on May 4, 2017 when he was arrested for criminal trespass, obstructing governmental administration, assault, resisting arrest and harassment at 5010 Oceanview Avenue, County of Kings, State of New York.

25.     That if Plaintiff sustained the damages claimed, said damages and injuries were sustained by reason of such carelessness, recklessness and negligence by Third-Party Defendant, its agents, servants and/or its employees.

26.     That by reason of the foregoing, Third-Party Defendant will be liable to Defendants/Third-Party Plaintiffs for the proportion thereof caused by the relative responsibility of third-party defendants, and based upon the apportionment of fault of the parties.

## AS AND FOR A SECOND CAUSE OF ACTION

27.     That Defendants/Third-Party Plaintiffs hereby repeats, reiterates, and re-alleges

each and every allegation designated "1" through "26" herein with the same force and effect as if

the same were set forth fully herein.

28.     That if Plaintiff herein recovers a judgment against Defendants/Third-Party

Plaintiffs for the damages he allegedly sustained at the time and place referenced in Plaintiff's

Verified Complaint, such damages and liability imposed upon Defendants/Third-Party Plaintiffs

have been caused and brought about by the reason of the primary or active acts of Third-Party

Defendant, their agents, servants, and all employees, in permitting, causing, and/or contributing to

the alleged incident and damages set forth in Plaintiff's Verified Complaint, and by Third-Party

Defendant's general failure to exercise care and diligence, all without any active or primary

negligence on the part of Defendants/Third-Party Plaintiffs contributing thereto.

29.     That if Defendants/Third-Party Plaintiffs are held liable to Plaintiff in any respect,

such liability will be due solely to the active or primary negligence of Third-Party Defendant, and

each of their agents, servants, and/or employees.

30.     That by reason of the foregoing, Third-Party Defendant will be liable for common

law indemnity to Defendants/Third-Party Plaintiffs in the full amount of any recovery herein by

Plaintiff, and Third-Party Defendants are bound to pay any and all attorneys' fees, costs of

investigations, and disbursements related to the defense of this action.

**WHEREFORE,** the Defendants/Third-Party Plaintiffs, SEA GATE ASSOCIATION,

ROBERTO OPPEDISANO and DARRIEN PHILLIPS, demand full judgment on their third-party

claims against the third-party defendants, for all or part of the verdict or judgment, if any, obtained herein against defendants/third-party plaintiffs; including attorneys' fees, together with the costs and disbursements of this action.

Dated: Garden City, New York
          March 4, 2020

Yours etc.,

GOLDBERG SEGALLA, LLP

By:      Erin N. Mackin, Esq.
          *Attorneys for Defendants*
          Mailing Address:
          P.O. Box 780, Buffalo, New York 14201
          200 Garden City Plaza, Suite 520
          Garden City, New York 11530
          (516) 281-9800
          GS File No.: 6382.0004


TO:      **VIA NEW YORK SECRETARY OF STATE**

          THE CITY OF NEW YORK
          100 Church Street
          New York, New York 10007

          Michael Lumer, Esq.
          Lumer Law Group
          *Attorneys for Plaintiff*
          305 Broadway, Suite 1400
          New York, New York 10007

25750544.v1

# *Exhibit A*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X
HOA LAY,

                Plaintiff,

     -against-

SEA GATE ASSOCIATION,
ROBERTO OPPEDISANO,
and DARRIEN PHILLIPS,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

      Plaintiff Hoa Lay, by his attorneys, the Lumer Law Group, as and for his

Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

      1.    At all times hereinafter mentioned, plaintiff was an adult male and a

resident of Kings County in the State of New York.

      2.    At all relevant times hereinafter mentioned, defendant Sea Gate

Association ("SGA") was, and is, a domestic corporation or association duly organized and

existing under and by virtue of the laws of the State of New York, and located at 3700 Surf

Avenue, Brooklyn, New York 11224, and acts by and through its employees and agents.

      3.    At all relevant times hereinafter mentioned, defendant Roberto

Oppedisano, Shield No. 2403, was employed by SGA as a special police officer deputized by

the City of New York, and was a state actor performing her duties under color of law.

Oppedisano is sued herein in his individual capacity.

      4.    At all relevant times hereinafter mentioned, defendant Darrien Phillips,

Shield No. 2013, was employed by SGA as a special police officer deputized by the City of

New York, and was a state actor performing her duties under color of law. Phillips is sued

herein in his individual capacity.

     5.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331,

1343 and 42 U.S.C. § 1983.

     6.     Venue is properly laid, pursuant to 28 U.S.C. Section 1391, <u>et seq.</u>, in

the Eastern District of New York, where the plaintiff and defendant SGA are located, and

where the majority of the actions complained of herein occurred.

## **RELEVANT FACTS**

     7.     On May 4, 2017, in the afternoon hours, plaintiff and several other

individuals were lawfully present outside in the vicinity of Coney Island Creek Park

("CICP").

     8.     Neither plaintiff nor any of the other individuals present with him were

engaged in any criminal activity or any conduct that could reasonably be viewed as unlawful,

criminal, or illegal.

     9.     At that time, individual defendants Oppedisano and Phillips

approached plaintiff and the other individuals.

     10.     Oppedisano and Phillips were on duty and acting in their capacity as

Special Police Officers ("SPOs") employed by SGA.

     11.     Oppedisano and Phillips were wearing their uniforms reflecting their

status as SPOs, and carrying weapons.

12.     As SPOs, the individual defendants were deputized by the City of New York, and were acting under color of state law.

13.     The individual defendants approached plaintiff and the other individuals and demanded identification.

14.     There was no legal basis for the individual defendants' demand for identification.

15.     Plaintiff declined to provide his identification.

16.     The individual defendants responded by forcibly handcuffing and arresting plaintiff.

17.     The individual defendants did not arrest nor attempt to arrest any of the other individuals present with plaintiff.

18.     The individual defendants did not issue any summons or other process nor attempt to issue any such process to any of the other individuals present with plaintiff.

19.     Plaintiff was transported to a local holding area operated by the defendants precinct station house. where he was imprisoned for a period of hours while his arrest was processed.

20.     Plaintiff was later transported to Kings County Central Booking, where he was imprisoned for many more hours until his arraignment on May 5, 2017.

21.     While plaintiff was in defendants' custody, Oppedisano and/or Phillips completed, or caused to be completed, arrest paperwork in which the defendant(s) falsely claimed that plaintiff engaged in criminal or unlawful conduct, including, but not limited to,

-3-

assaulting defendant Darrien Phillips, obstructing governmental administration, and criminal trespass.

22.     Oppedisano and/or Phillips memorialized, or caused to be memorialized, in sum and substance, allegations based on each defendant's own purported observations that plaintiff was trespassing, and that he assaulted Phillips when defendants sought to arrest him.

23.     Each of these allegations was materially false as related to plaintiff.

24.     At no time did defendants have sufficient legal cause to arrest and imprison plaintiff, nor was it reasonable for defendants to believe such cause existed, and as there was no probable cause to arrest plaintiff, the ensuing arrest was therefore unlawful.

25.     While plaintiff was in defendants' custody, Oppedisano and/or Phillips forwarded, or caused to be forwarded, the arrest paperwork containing these materially and fundamentally false allegations to the Kings County District Attorney's office ("KCDA").

26.     The individual defendants communicated this falsified narrative to the KCDA, in relevant part, to justify plaintiff's unlawful arrest and to persuade the KCDA to commence plaintiff's criminal prosecution.

27.     Upon information and belief, shortly after this information was forwarded to the KCDA, but prior to plaintiff's arraignment, Oppedisano spoke with the KCDA about the paperwork he had submitted, or caused to be submitted, and confirmed his fabricated narrative in order to ensure that the KCDA would initiate the prosecution.

28.     The defendants successfully convinced the KCDA to commence

plaintiff's criminal prosecution, and plaintiff was formally arraigned in Kings County Criminal Court under Docket 2017KN025945 on various charges of assault, obstructing governmental administration, resisting arrest, trespassing, and harrasment.

29.     Plaintiff was subsequently obligate to return to court on numerous occasions as the prosecution against him continued.

30.     Plaintiff was never indicted, although at least one of the charges was a felony.

31.     Upon information and belief, all charges against plaintiff were dismissed, and the criminal prosecution terminated in plaintiff's favor, on speedy trial grounds.

32.     That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the SGA's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

(Section 1983 Cause of Action for False Arrest)

33.     Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

34.     The individual defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

35.     Plaintiff had not been engaged in any criminal conduct, nor was he

engaged in any conduct that could reasonably be viewed as criminal.

36.     Despite the absence of sufficient legal cause, plaintiff was arrested and jailed.

37.     To the extent that either of the individual defendants did not affirmatively engage in this conduct, each such defendant was aware of his fellow officers' misconduct, had ample opportunity to intervene and prevent or limit the constitutional harms being visited on the plaintiff, but failed to do so.

38.     By so doing, the individual defendants subjected plaintiff to false arrest and imprisonment, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth Amendment of the United States Constitution.

39.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, economic damages, and mental anguish.

## SECOND CAUSE OF ACTION

(Section 1983 Cause of Action for Denial of a Fair Trial)

40.     Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

41.     The individual defendants willfully and intentionally fabricated evidence by falsely memorializing claims to have witnessed plaintiff engage in criminal or unlawful activity, and then forwarded these materially false claims to the KCDA in order to justify their arrest of plaintiff, and to justify, bring about and cause plaintiff to be deprived of

-6-

his liberty and to be criminally prosecuted.

42. To the extent that any of the individual defendants did not affirmatively engage in this conduct, each such defendant was aware of his or her fellow officers' misconduct, had ample opportunity to intervene and prevent or limit the constitutional harms being visited on the plaintiff, but failed to do so.

31. By so doing, the individual defendants subjected the plaintiff to the denial of a fair trial and violation of his right to due process fabricating evidence and otherwise providing prosecutors with a materially false and misleading version of events, and thereby violated plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

43. By reason thereof, the individual defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, economic damages, and mental anguish.

## THIRD CAUSE OF ACTION

(Section 1983 Cause of Action for Malicious Prosecution)

44. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

45. The individual defendants willfully, deliberately, and maliciously caused the initiation of plaintiff's criminal prosecution by presenting the KCDA with a materially misleading version of facts grounded in fabricated evidence, and continuing to maintain this false narrative until the case was eventually dismissed.

46. To the extent that any of the individual defendants did not affirmatively engage in this conduct, each such defendant was aware of his or her fellow officers' misconduct, had ample opportunity to intervene and prevent or limit the constitutional harms being visited on the plaintiff, but failed to do so.

47. By so doing, the individual defendants caused plaintiff to be maliciously prosecuted, and thereby violated plaintiff's rights under the Fourth Amendment of the United States Constitution.

48. By reason thereof, the individual defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, economic damages, and mental anguish.

## FOURTH CAUSE OF ACTION

(Section 1983 Cause of Action for Violation of Plaintiff's Right to Free Speech)

49. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

50. The individual defendants arrested plaintiff in response to his verbalized refusal to produce his identification.

51. The defendants' decision to arrest plaintiff, and subsequent factual fabrications to justify the arrest and to punish plaintiff by bringing about a criminal prosecution for crimes plaintiff never committed, was in direct response to plaintiff's assertion of his First Amendment right to free speech, and was designed to chill such acts of free speech, whether by plaintiff or by any other individual.

52.     To the extent that any of the individual defendants did not affirmatively engage in this conduct, each such defendant was aware of his or her fellow officers' misconduct, had ample opportunity to intervene and prevent or limit the constitutional harms being visited on the plaintiff, but failed to do so.

53.     By so doing, the individual defendants violated plaintiff's right to free speech under the First Amendment of the United States Constitution.

54.     By reason thereof, the individual defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, economic damages, and mental anguish.

## FIFTH CAUSE OF ACTION

(Section 1983 Cause of Action for Excessive Force)

55.     Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

56.     The individual defendants willfully, deliberately, and maliciously used physical force to effectuate the plaintiff's arrest, including the threatened use of a taser, and caused plaintiff to suffer physical and emotional injuries.

57.     The force employed by the individual defendants was unreasonable and unnecessary under the circumstances, and no reasonable officer could have believed that such force was reasonable or necessary.

58.     By so doing, the individual defendants employed excessive force, and thereby violated plaintiff's rights under the Fourth Amendment of the United States

Constitution.

59.     By reason thereof, the individual defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries and mental anguish.

## SIXTH CAUSE OF ACTION

### (Vicarious Liability)

60.     Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

61.     Defendant SGA operates the SGA Police Department, which employs the individual defendants as SPOs.

62.     Defendant SGA is vicariously liable for the acts and conduct of its SPOs when such actions are performed in the scope of their employment by SGA.

63.     Accordingly, SGA is vicariously liable for the foregoing violations of plaintiff's civil rights.

64.     By reason thereof, SGA has caused plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, economic damages, and mental anguish.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against the individual

defendants and the City of New York as follows:

     i.     actual and punitive damages against the individual defendant in an amount to be determined at trial;

     ii.    actual and punitive damages against Sea Gate Association in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988, as well as disbursements, expenses, and costs of the action; and

    iv.    such other relief as the Court deems just and proper.

Dated:  New York, New York
        May 21, 2019

                    LUMER LAW GROUP
                    Attorneys for Plaintiff

                    Michael Lumer, Esq.
                    305 Broadway, Suite 1400
                    New York, New York 10007
                    (212) 566-5060

JS 44   (Rev. 01/29/2018)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Hoa Lay

## DEFENDANTS

The City of New York, et. al.,

**(b)** County of Residence of First Listed Plaintiff   Kings
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Michael Lumer, 305 Broadway, Ste. 14th Floor, NY, NY 10007, 212-566-5060

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
05/23/2019

SIGNATURE OF ATTORNEY OF RECORD
Michael B. Lumer

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, _____, counsel for _____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐     monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐     the complaint seeks injunctive relief,

☑     the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

N/A

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)    Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?    ☐ Yes    ☑ No

2.)    If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?    ☐ Yes    ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?    ☑ Yes    ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? ☐ Yes    ☑ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑    Yes          ☐    No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐    Yes    (If yes, please explain    ☐    No

I certify the accuracy of all information provided above.

**Signature:** _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | |
|---|---|
| Hoa Lay, ) | |
| ) | |
| ) | |
| _____ ) | |
| *Plaintiff(s)* ) | Civil Action No. |
| v. ) | |
| ) | |
| The City of New York, et al., ) | |
| ) | |
| _____ ) | |
| *Defendant(s)* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> Sea Gate Association;
> Roberto Oppedisano, Shield No. 2403;
> Darrien Phillips, Shield No. 2013;
> 3700 Surf Avenue
> Brooklyn, NY 11224

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Lumer Law Group
> 305 Broadway, 14th Floor
> New York, NY 10007

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

### DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____          _____
                                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

&#9633; I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

&#9633; I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

&#9633; I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

&#9633; I returned the summons unexecuted because _____ ; or

&#9633; Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                             *Server's signature*

                                                   _____
                                                             *Printed name and title*


                                                   _____
                                                             *Server's address*

Additional information regarding attempted service, etc:

*Exhibit B*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

HOA LAY,                                              Civil Action No. 19-CV-03076

                              Plaintiff,

                                                      **VERIFIED ANSWER**

            - against -

SEA GATE ASSOCIATION, ROBERTO OPPEDISANO,
and DARRIEN PHILLIPS,

                              Defendants.
--------------------------------------------------------------------X

 Defendants, SEAGATE ASSOCIATION, ROBERTO OPPEDISANO and DARRIEN

PHILLIPS, ("Defendants"), by and through their attorneys, Goldberg Segalla LLP, set forth the

following upon information and belief as and for their Verified Answer to the Verified Complaint

of Plaintiff herein:

 1. Defendants deny each and every allegation contained in paragraph "1" of the

Verified Complaint.

 2. Defendants deny each and every allegation contained in paragraph "2" of the

Verified Complaint.

 3. Defendants deny each and every allegation contained in paragraph "3" of the

Verified Complaint except admit that the defendant Roberto Oppedisano, was employed as a peace

officer with Sea Gate Police Department.

 4. Defendants deny each and every allegation contained in paragraph "4" of the

Verified Complaint except admit that the defendant Darrien Phillips was employed as a peace

officer with the Sea Gate Police Department.

23475345.v1

5.      Defendants deny each and every allegation contained in paragraph "5" of the Verified Complaint and respectfully refer all questions of law to the Court.

6.      Defendants deny each and every allegation contained in paragraph "6" of the Verified Complaint and respectfully refer all questions of law to the Court.

7.      Defendants deny having knowledge or information sufficient to form a belief as to the allegation contained in paragraph "7" of the Verified Complaint and respectfully refer all questions of law to the Court.

8.      Defendants deny each and every allegation contained in paragraph "8" of the Verified Complaint.

9.      Defendants deny each and every allegation contained in paragraph "9" of the Verified Complaint.

10.     Defendants deny each and every allegation contained in paragraph "10" of the Verified Complaint.

11.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "11" of the Verified Complaint.

12.     Defendants deny each and every allegation contained in paragraph "12" of the Verified Complaint and respectfully refer all questions of law to the Court at the trial of this action.

13.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "13" of the Verified Complaint, and respectfully refer all questions of law to the Court at the trial of this action.

14.     Defendants deny each and every allegation contained in paragraph "14" of the Verified Complaint.

15.     Defendants deny knowledge or information sufficient to form a belief as to the allegation contained in paragraph "15" of the Verified Complaint and respectfully refer all questions of law to the Court.

16.     Defendants deny each and every allegation contained in paragraph "16" of the Verified Complaint.

17.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "17" of the Verified Complaint and respectfully refer all questions of law to the Court at the trial of this action.

18.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "18" of the Verified Complaint and respectfully refer all questions of law to the Court at the trial of this action.

19.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "19" of the Verified Complaint, and respectfully refer all questions of law to the Court.

20.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "20" of the Verified Complaint, and respectfully refer all questions of law to the Court.

21.     Defendants deny each and every allegation contained in paragraph "21" of the Verified Complaint.

22.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "22" of the Verified Complaint, and respectfully refer all questions of law to the Court at the trial of this action.

23.     Defendants deny each and every allegation contained in paragraph "23" of the Verified Complaint.

24.     Defendants deny each and every allegation contained in paragraph "24" of the Verified Complaint.

25.     Defendants deny each and every allegation contained in paragraph "25" of the Verified Complaint.

26.     Defendants deny each and every allegation contained in paragraph "26" of the Verified Complaint.

27.     Defendants deny each and every allegation contained in paragraph "27" of the Verified Complaint.

28.     Defendants deny each and every allegation contained in paragraph "28" of the Verified Complaint.

29.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "29" of the Verified Complaint, and respectfully refer all questions of law to the Court at the trial of this action.

30.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "30" of the Verified Complaint, and respectfully refer all questions of law to the Court.

31.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "31" of the Verified Complaint.

32.     Defendants deny each and every allegation contained in paragraph "32" of the Verified Complaint.

23475345.v1

## AS AND FOR A RESPONSE TO FIRST CAUSE OF ACTION

33.     Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with respect to paragraphs referred to in paragraphs numbered "1" through "32" of the Verified Complaint, as if more specifically set forth in answer to paragraph "33" of Plaintiff's Complaint.

34.     Defendants deny each and every allegation contained in paragraph "34" of the Verified Complaint.

35.     Defendants deny each and every allegation contained in paragraph "35" of the Verified Complaint.

36.     Defendants deny each and every allegation contained in paragraph "36" of the Verified Complaint.

37.     Defendants deny each and every allegation contained in paragraph "37" of the Verified Complaint.

38.     Defendants deny each and every allegation contained in paragraph "38" of the Verified Complaint.

39.     Defendants deny each and every allegation contained in paragraph "39" of the Verified Complaint.

## AS AND FOR A RESPONSE TO SECOND CAUSE OF ACTION

40.     Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with respect to paragraphs referred to in paragraphs numbered "1" through "39" of the Verified Complaint, as if more specifically set forth in answer to paragraph "40" of Plaintiff's Complaint.

23475345.v1

41.     Defendants deny each and every allegation contained in paragraph "41" of the Verified Complaint.

42.     Defendants deny each and every allegation contained in paragraph "42" of the Verified Complaint.

43.     Defendants deny each and every allegation contained in incorrectly marked paragraph "31" of the Verified Complaint.

44.     Defendants deny each and every allegation contained in paragraph marked "43" of the Verified Complaint.

### AS AND FOR A RESPONSE TO THIRD CAUSE OF ACTION

45.     Defendant repeats, reiterates and realleges each and every denial hereinabove set forth with respect to paragraphs referred to in paragraphs numbered "1" through "43" of the Verified Complaint, as if more specifically set forth in answer to paragraph "44" of Plaintiffs Complaint.

46.     Defendants deny each and every allegation contained in paragraph marked "45" of the Verified Complaint.

47.     Defendants deny each and every allegation contained in paragraph "46" of the Verified Complaint.

48.     Defendants deny each and every allegation contained in paragraph "47" of the Verified Complaint.

49.     Defendants deny each and every allegation contained in paragraph "48" of the Verified Complaint.

## AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION

50.     Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with respect to paragraphs referred to in paragraphs numbered "1" through "48" of the Verified Complaint, as if more specifically set forth in answer to paragraph "49" of Plaintiffs Complaint.

51.     Defendants deny each and every allegation contained in paragraph "50" of the Verified Complaint.

52.     Defendants deny each and every allegation contained in paragraph "51" of the Verified Complaint.

53.     Defendants deny each and every allegation contained in paragraph "52" of the Verified Complaint.

54.     Defendants deny each and every allegation contained in paragraph "53" of the Verified Complaint.

55.     Defendants deny each and every allegation contained in paragraph "54" of the Verified Complaint.

## AS AND FOR A RESPONSE TO THE FIFTH CAUSE OF ACTION

56.     Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with respect to paragraphs referred to in paragraphs numbered "1" through "54" of the Verified Complaint, as if more specifically set forth in answer to paragraph "55" of Plaintiff's Complaint.

57.     Defendants deny each and every allegation contained in paragraph "56" of the Verified Complaint.

23475345.v1

58.     Defendants deny each and every allegation contained in paragraph "57" of the Verified Complaint.

59.     Defendants deny each and every allegation contained in paragraph "58" of the Verified Complaint.

60.     Defendants deny each and every allegation contained in paragraph "59" of the Verified Complaint.

## AS AND FOR A RESPONSE TO THE SIXTH CAUSE OF ACTION

61.     Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with respect to paragraphs referred to in paragraphs numbered "1" through "59" of the Verified Complaint, as if more specifically set forth in answer to paragraph "60" of Plaintiff's Complaint.

62.     Defendants deny each and every allegation contained in paragraph "61 of the Verified Complaint.

63.     Defendants deny each and every allegation contained in paragraph "62" of the Verified Complaint.

64.     Defendants deny each and every allegation contained in paragraph "63" of the Verified Complaint.

65.     Defendants deny each and every allegation contained in paragraph "64" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

66.     Plaintiff's Verified Complaint fails to states a cause of action upon which relief may be granted as against these answering defendants.

23475345.v1

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

67.     The negligence of Plaintiff was a proximate, contributing, or superseding cause of his alleged damages.  Such negligence or fault, therefore, bars or diminishes any liability of Defendants for any alleged damages sustained by Plaintiff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

68.     The negligence or fault of persons other than Defendants was a proximate, contributing, or superseding cause of Plaintiff's alleged damages or resulting loss.  Such negligence or fault, therefore, bars or diminishes liability of Defendants for any alleged damages sustained by Plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

69.     Plaintiff assumed the risk of any and all damages alleged in the Verified Complaint.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

70.     To the extent discovery may show or demonstrate all or part of Plaintiff's claims which form the basis of his Verified Complaint have either been settled or adjudicated, the doctrines of res judicata, collateral estoppel, payment and release, waiver, and accord and satisfaction bar Plaintiff's claims against Defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

71.     Any assessment of damages against Defendants should be limited pursuant to Article 16 of the New York Civil Practice Law and Rules.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

72.     Any damages awarded to Plaintiff must be reduced by the amount Plaintiff received or will receive from any collateral source, including, but not limited to, Medicare, Medicaid, insurance, social security, workers' compensation, or employee benefit programs, that the Court

23475345.v1

finds was, or will with reasonable certainty, be replaced or indemnified pursuant to Section 4545(a) of the New York Civil Practice Law and Rules.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

73.    Plaintiff failed to join feasible and necessary parties to afford a just adjudication of the causes of action alleged in the Verified Complaint to wit The City of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

74.    Plaintiff failed to take reasonable action to mitigate the injuries and damages alleged in the Verified Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

75.    This court lacks subject matter jurisdiction over the defendants.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

76.    To the extent that any party or non-party is found to have fault for Plaintiff's alleged injuries, Plaintiff's damages should be apportioned in accordance with the comparative fault of all parties at fault.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

77.    That at all times herein mentioned, and mentioned in the Complaint, the peace officers, and/or agents, servants or employees of Defendant, Sea Gate Associates who had anything to do with the Plaintiff were acting in the performance of their respective duties as peace officers, and/or agents, servants or employees of Sea Gate Associates; that all of the acts performed by each peace officer, and/or agent, servant or employee of Sea Gate Associates in connection with Plaintiff were performed in good faith, without malice, and with reasonable and proper cause; in the ordinary course of their duties as such peace officers, and/or agents, servants or employees

of the Answering Defendants and as peace officers of the State of New York, and as required by them and each of them by reason of Plaintiff's conduct and Plaintiff's arrest and confinement.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

78.    The actions complained of were in full accord with the applicable law.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

79.    Plaintiff's constitutional and statutory rights have not been violated by the Defendants herein.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

80.    The alleged acts or omissions of the Answering Defendants were not the proximate cause of any injuries or damages incurred by Plaintiff and any injuries or damages incurred by Plaintiff were the result of his own actions, the actions of others and/or the superseding intervention of causes outside the control of the Answering Defendants.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

81.    If the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained through and by virtue of the negligent, reckless and/or wrongful conduct, acts or omissions of a third party, without any negligence, wrongdoing acts or omissions on the part of Answering Defendants' contributing thereto.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

82.    Should the Plaintiff recover damages as a result of a finding of liability in whole or in part as against Answering Defendants, such recovery should be reduced and diminished in proportion to the degree of comparative negligence, recklessness and/or wrongdoing of Plaintiff in contributing to such damages.

23475345.v1

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

83.     The answering defendant, pursuant to §1412 of the CPLR, alleges upon information and belief that if the plaintiff sustained any injuries or damages at the time and place alleged in the complaint, such injuries or damages were the result of the culpable conduct of the plaintiff because of the plaintiff's negligence or assumption of risk.  Should it be found, however, that answering defendants were jointly or severally liable to the plaintiff herein, any liability being specifically denied, answering defendants demand that any damages that are found to be apportioned among the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for each occurrence

WHEREFORE, Defendants demand judgment dismissing Plaintiff's Verified Complaint, and further demand judgment for the amount of any judgment obtained against Defendants on the basis of apportionment of responsibility in such amounts as a jury or Court may direct, together with the costs and disbursements of this action.

Dated: Garden City, New York
       July 29, 2019

Yours, etc.,

GOLDBERG SEGADLA LLP

By: _____

Jeffrey M[g]nuen, Esq
Attorneys for Defendants – *Seagate Association*
200 Garden City Plaza, Suite 520
Garden City, New York 11530
(516) 281-9800
GS File No.: 6382.0004

TO:     Michael Lumer, Esq.
        Lumer Law Group
        305 Broadway, Suite 1400
        New York, New York 10007
        (212) 566-5060
        Attorneys for Plaintiff

23475345.v1

## VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NASSAU       )

JEFFREY MIGDALEN, an attorney duly admitted to practice law in the Courts of the

State of New York, affirms the following to be true under the penalties of perjury:

1.    I am the attorney answering for Defendants SEA GATE ASSOCIATION.

2.    I have read the annexed Verified Answer and know the contents thereof and the

same are true to my knowledge except those matters therein which are stated to be

alleged upon information and belief, and as to those matters I believe them to be

true.  My belief as to those matters therein not stated upon knowledge is based up

a review of the files maintained in my office and discussions with my clients.

3.    The reason this Verification is made by your affirmant and not by the Sea Gate

Association because the Sea Gate Association does not maintain an office in the

County in which I maintain my office.

Dated: Garden City, New York
       July 29, 2019

_____
        JEFFREY MIGDALEN

23475345.v1

## VERIFICATION

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF NASSAU    )

      JEFFREY MIGDALEN, an attorney duly admitted to practice law in the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

1.    I am the attorney for answering Defendant ROBERTO OPPEDISANO.

2.    I have read the annexed Verified Answer and know the contents thereof and the same are true to my knowledge except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge is based up a review of the files maintained in my office and discussions with my clients.

3.    The reason this Verification is made by your affirmant and not by Defendant is that Defendant does not maintain an office in the County in which I maintain my office.

Dated: Garden City, New York
      July 29, 2019

_____
JEFFREY MIGDALEN

23475345.v1

## VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NASSAU           )

JEFFREY MIGDALEN, an attorney duly admitted to practice law in the Courts of the

State of New York, affirms the following to be true under the penalties of perjury:

1.   I am the attorney for answering Defendant DARRIEN PHILLIPS.

2.   I have read the annexed Verified Answer and know the contents thereof and the

same are true to my knowledge except those matters therein which are stated to be

alleged upon information and belief, and as to those matters I believe them to be

true.  My belief as to those matters therein not stated upon knowledge is based up

a review of the files maintained in my office and discussions with my clients.

3.   The reason this Verification is made by your affirmant and not by Defendants is

that Defendant does not maintain an office in the County in which I maintain my

office.

Dated: Garden City, New York
       July 29, 2019

_____
JEFFREY MIGDALEN

23475345.v1

# *Exhibit C*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X
HOA LAY,

                        Plaintiff,              19 CV 3076 (WFK) (RML)

        -against-

THE CITY OF NEW YORK, et al.,        **PLAINTIFF'S INITIAL**
                                         **DISCLOSURES PURSUANT**
                                         **TO FED. R. CIV. P. 26(a)**
                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

             PLEASE TAKE NOTICE, that plaintiff hereby submits the following

information and/or materials in accordance with Fed. R. Civ. P. 26(a)(1):

                     i.      Other than the parties, including any employees and/or agents of the
                                municipal defendant whose identities are currently unknown to
                                plaintiff, and those individuals identified by the defendants in their
                                initial disclosures, as well as other inmates and detainees who were in
                                the custody of the municipal defendant, and any individuals identified
                                in the documentation provided with the parties' initial disclosures,
                                plaintiff is aware of the following individuals who may have
                                discoverable information concerning events alleged in the complaint:

                                Yeung Yu-Yan
                                Mei Zhuo Han
                                Zhong Shi Yuan
                                Lei Shan Wei

                                Plaintiff is presently searching for proper service addresses for the
                                above identified witnesses. Plaintiff reserves the right to supplement
                                this information if and when more information becomes available.

                    ii.      Documents, data compilations, and tangible things:

                                Criminal Complaint
                                Production Numbers 1-2

                                KCDA Records
                                Production Numbers 3-15

iii.   Plaintiff suffered the loss of liberty, physical and emotional injuries, and the violation of his civil and constitutional rights, the valuation of which is to be valued to be determined at trial. Plaintiff also suffered lost earnings in an amount not yet determined. Plaintiff will supplement this response once a more precise figure is available.

iv.   Not applicable.

Dated:   New York, New York
         July 31, 2019

                    LUMER LAW GROUP
                    Attorneys for Plaintiff


                    Michael Lumer, Esq.
                    305 Broadway, 14th Floor
                    New York, New York 10007
                    (212) 566-5060

2

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR COUNTY OF KINGS

STATE OF NEW YORK
COUNTY OF KINGS

THE PEOPLE OF THE STATE OF NEW YORK

v.

HOA LAY

POLICE OFFICER ROBERTO OPPEDISANO, SHIELD NO. 2403, OF 0985 COMMAND SAYS THAT ON OR ABOUT MAY 04,2017 AT APPROXIMATELY 03:30 PM AT 5010 OCEANVIEW AVENUE COUNTY OF KINGS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

| | |
|---|---|
| PL 120.05(3) | ASSAULT IN THE SECOND DEGREE (DQO) — Dismissed 7/13/17 |
| PL 120.00(1) | ASSAULT IN THE THIRD DEGREE (DQO) |
| PL 195.05 | OBSTRUCTING GOVERNMENTAL ADMINISTRATION IN THE SECOND DEGREE |
| PL 205.30 | RESISTING ARREST |
| PL 140.10(A) | CRIMINAL TRESPASS IN THE THIRD DEGREE |
| PL 140.05 | TRESPASS |
| PL 240.26(1) | HARASSMENT IN THE SECOND DEGREE |

IN THAT THE DEFENDANT DID:

WITH INTENT TO CAUSE PHYSICAL INJURY TO ANOTHER PERSON, CAUSE SUCH INJURY TO SUCH PERSON OR TO A THIRD PERSON; WITH INTENT TO PREVENT A PEACE OFFICER, POLICE OFFICER, PROSECUTOR AS DEFINED IN SUBDIVISION THIRTY-ONE OF SECTION 1.20 OF THE CRIMINAL PROCEDURE LAW, REGISTERED NURSE, LICENSED PRACTICAL NURSE, SANITATION ENFORCEMENT AGENT, NEW YORK CITY SANITATION WORKER, FIREFIGHTER, INCLUDING A FIREFIGHTER ACTING AS A PARAMEDIC OR EMERGENCY MEDICAL TECHNICIAN ADMINISTERING FIRST AID IN THE COURSE OF PERFORMANCE OF DUTY AS SUCH FIREFIGHTER, EMERGENCY MEDICAL SERVICE PARAMEDIC OR EMERGENCY MEDICAL SERVICE TECHNICIAN, OR MEDICAL OR RELATED PERSONNEL IN A HOSPITAL EMERGENCY DEPARTMENT, A CITY MARSHAL, A SCHOOL CROSSING GUARD APPOINTED PURSUANT  TO SECTION TWO HUNDRED EIGHT-A OF THE GENERAL MUNICIPAL LAW, TRAFFIC ENFORCEMENT OFFICER, TRAFFIC ENFORCEMENT AGENT, OR EMPLOYEE OF ANY ENTITY GOVERNED BY THE PUBLIC SERVICE LAW IN THE COURSE OF PERFORMING AN ESSENTIAL SERVICE, FROM PERFORMING A LAWFUL DUTY, BY MEANS INCLUDING RELEASING OR FAILING TO CONTROL AN ANIMAL UNDER CIRCUMSTANCES EVINCING THE ACTOR'S INTENT THAT THE ANIMAL OBSTRUCT THE LAWFUL ACTIVITY OF SUCH PEACE OFFICER, POLICE OFFICER, PROSECUTOR AS DEFINED IN SUBDIVISION THIRTY-ONE OF SECTION 1.20 OF THE CRIMINAL PROCEDURE LAW, REGISTERED NURSE, LICENSED PRACTICAL NURSE, SANITATION ENFORCEMENT AGENT, NEW YORK CITY SANITATION WORKER, A FIREFIGHTER, INCLUDING A FIREFIGHTER ACTING AS A PARAMEDIC OR EMERGENCY MEDICAL TECHNICIAN ADMINISTERING FIRST AID IN THE COURSE OF PERFORMANCE OF DUTY AS SUCH FIREFIGHTER, AN EMERGENCY MEDICAL SERVICE PARAMEDIC OR EMERGENCY MEDICAL SERVICE TECHNICIAN, OR MEDICAL OR RELATED PERSONNEL IN A HOSPITAL EMERGENCY DEPARTMENT, A CITY MARSHAL, A SCHOOL CROSSING GUARD APPOINTED  PURSUANT TO SECTION TWO HUNDRED EIGHT-A OF THE GENERAL MUNICIPAL LAW, A TRAFFIC ENFORCEMENT OFFICER, TRAFFIC ENFORCEMENT AGENT, OR EMPLOYEE OF ANY ENTITY GOVERNED BY THE PUBLIC SERVICE LAW IN THE COURSE OF PERFORMING AN ESSENTIAL SERVICE, CAUSE PHYSICAL INJURY TO SUCH PEACE OFFICER, POLICE OFFICER, PROSECUTOR AS DEFINED IN SUBDIVISION THIRTY-ONE OF SECTION 1.20 OF THE CRIMINAL PROCEDURE LAW, REGISTERED NURSE, LICENSED  PRACTICAL  NURSE, SANITATION ENFORCEMENT AGENT, NEW YORK CITY SANITATION WORKER, FIREFIGHTER, INCLUDING A FIREFIGHTER ACTING AS A PARAMEDIC OR EMERGENCY MEDICAL TECHNICIAN ADMINISTERING FIRST AID IN THE COURSE OF PERFORMANCE OF DUTY AS SUCH FIREFIGHTER, EMERGENCY MEDICAL SERVICE PARAMEDIC OR EMERGENCY MEDICAL SERVICE TECHNICIAN, OR MEDICAL OR RELATED PERSONNEL IN A HOSPITAL EMERGENCY DEPARTMENT, CITY MARSHAL, SCHOOL CROSSING GUARD APPOINTED PURSUANT TO SECTION TWO HUNDRED EIGHT-A OF THE GENERAL MUNICIPAL LAW, TRAFFIC ENFORCEMENT OFFICER TRAFFIC ENFORCEMENT AGENT, OR EMPLOYEE OF AN ENTITY GOVERNED BY THE PUBLIC SERVICE LAW; KNOWINGLY ENTER OR REMAIN UNLAWFULLY IN OR UPON PREMISES; KNOWINGLY ENTER OR REMAIN UNLAWFULLY IN A BUILDING OR UPON REAL PROPERTY WHICH WAS FENCED OR OTHERWISE ENCLOSED IN A MANNER DESIGNED TO EXCLUDE INTRUDERS; INTENTIONALLY OBSTRUCT, IMPAIR OR PERVERT THE ADMINISTRATION OF LAW OR OTHER GOVERNMENTAL FUNCTION OR PREVENT OR ATTEMPT TO PREVENT A PUBLIC SERVANT FROM PERFORMING AN OFFICIAL FUNCTION, BY MEANS OF INTIMIDATION, PHYSICAL FORCE



2017KN025945

LAY 1

OR INTERFERENCE, OR BY MEANS OF ANY INDEPENDENTLY UNLAWFUL ACT, OR BY MEANS OF INTERFERING, WHETHER OR NOT PHYSICAL FORCE IS INVOLVED, WITH RADIO, TELEPHONE, TELEVISION OR OTHER TELECOMMUNICATIONS SYSTEMS OWNED OR OPERATED BY THE STATE, OR A COUNTY, CITY, TOWN, VILLAGE, FIRE DISTRICT OR EMERGENCY MEDICAL SERVICE OR BY MEANS OF RELEASING A DANGEROUS ANIMAL UNDER CIRCUMSTANCES EVINCING THE DEFENDANT'S INTENT THAT THE ANIMAL OBSTRUCT GOVERNMENTAL ADMINISTRATION; INTENTIONALLY PREVENT OR ATTEMPT TO PREVENT A POLICE OFFICER OR PEACE OFFICER FROM EFFECTING AN AUTHORIZED ARREST OF THE DEFENDANT OR ANOTHER PERSON; WITH INTENT TO HARASS, ANNOY OR ALARM ANOTHER PERSON, STRIKE, SHOVE, KICK OR OTHERWISE SUBJECT SUCH OTHER PERSON TO PHYSICAL CONTACT, OR ATTEMPT OR THREATEN TO DO THE SAME.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

THE DEPONENT STATES THAT, AT THE ABOVE TIME AND PLACE, WHICH IS A FENCED BEACH AREA OF A GATED COMMUNITY, THE DEPONENT OBSERVED THE DEFENDANT AT THE ABOVE LOCATION.

THE DEPONENT IS FURTHER INFORMED BY THE DEFENDANT'S OWN STATEMENT THAT, IN SUM AND SUBSTANCE, AT THE ABOVE TIME AND PLACE, THE DEFENDANT DOES NOT LIVE AT THE ABOVE LOCATION, DEFENDANT CAME TO THE LOCATION TO FISH ALL THE TIME, AND DEFENDANT WALKED AROUND A FENCE TO GET TO THE LOCATION.

THE DEPONENT IS INFORMED BY JOANNA CROWS THAT THE INFORMANT IS THE COMMUNITY MANAGER OF THE ABOVE LOCATION, AND THE INFORMANT IS THE LEGAL CUSTODIAN OF THE ABOVE MENTIONED LOCATION, AND THE DEFENDANT DID NOT HAVE PERMISSION OR AUTHORITY TO ENTER OR REMAIN AT THE ABOVE LOCATION.

THE DEPONENT IS INFORMED BY POLICE OFFICER DARRIEN PHILLIPS, SHIELD NO. 2013, OF THE 0985 COMMAND THAT, AT THE ABOVE TIME AND PLACE, THE INFORMANT WAS IN POLICE UNIFORM, AND THE INFORMANT TOOK OUT HANDCUFFS, AND THE INFORMANT GRABBED THE DEFENDANT'S ARMS TO PLACE THE DEFENDANT UNDER ARREST, AND THE INFORMANT OBSERVED THE DEFENDANT FLAIL THE DEFENDANT'S ARMS.

THE DEPONENT IS FURTHER INFORMED BY POLICE OFFICER DARRIEN PHILLIPS, SHIELD NO. 2013, OF THE 0985 COMMAND THAT THE ABOVE DESCRIBED ACTIONS CAUSED THE INFORMANT TO SUFFER CONTUSIONS ABOUT THE INFORMANT'S WRIST, TO SUFFER SUBSTANTIAL PAIN, TO FEAR FURTHER PHYSICAL INJURY, AND TO BECOME ALARMED AND ANNOYED.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

05/05/17
DATE                    SIGNATURE

LAY 2

**OFFICE OF THE DISTRICT ATTORNEY, KINGS COUNTY**

RENAISSANCE PLAZA at 350 JAY STREET
BROOKLYN, N.Y. 11201-2908
(718) 250-2000

ERIC GONZALEZ
*Acting District Attorney*

---

**THE PEOPLE OF THE STATE OF NEW YORK**

- against -

LAY, HOA                           K17630522

                                   Defendant(s)

**NOTICE PURSUANT
TO CPL 710.30(1)(a)**

---

Please take notice that statements in the form noted below were made by the defendant or by a co-defendant to be tried jointly, other than in the course of the criminal transaction, to a public servant engaged in law enforcement activity or to a person then acting under the direction of or in cooperation with such a public servant. Please take further notice that the People intend to offer evidence of the below statement(s) of the defendant(s) on the People's direct case at trial of this action. A transcript of any stenographically recorded statement(s) or copy of any written statement(s) are either appended or will be made available to counsel at a mutually convenient time. A copy of any electronically recorded statement(s) will be provided counsel following the receipt of an appropriate blank cartridge.

LAY, HOA

| Form of Statement | Oral | Date and Time | 05/04/17 15:30 | Place | LOCATION |
| To Whom Made | ROBERTO OPPEDISANO, shield:0, CMD:E16 | | | Tape No. | |

Substance of above statement.

DEF STATED TO AO, IN SUM AND SUBSTANCE, I DO NOT LIVE AT THE LOCATION, I FISH ALL THE TIME, AND I WALKED AROUND A FENCE TO GET TO THE LOCATION.

LAY, HOA

| Form of Statement | Oral | Date and Time | 05/04/17 15:41 | Place | 3700 SURF AVENUE |
| To Whom Made | ROBERTO OPPEDISANO, shield:0, CMD:E16 | | | Tape No. | |

Substance of above statement:

DEF STATED TO AO, IN SUM AND SUBSTANCE, I GOT A C-SUMMONS FOR TRESPASSING AT THE SAME LOCATION A COUPLE OF YEARS AGO.

LAY 3

CRIMINAL COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: AP5
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

                                                   **DISCOVERY BY STIPULATION**

   - against -

                                                   **DOCKET # 2017KN025945**

**HOA LAY**
                              **Defendant**
-------------------------------------------------------------------X

**INNA SHAPOVALOVA,** an attorney-at-law and an Assistant District Attorney in Kings County, affirms under penalties of perjury that:

     1.  I am an Assistant District Attorney in the County of Kings, City and State of New York.  As the assigned Assistant, I am familiar with the facts and circumstances of this case.

     2.  In lieu of discovery under Sections 240.20, 240.40, and 200.95, of the Criminal Procedure Law ("CPL") and in compliance with CPL Sections 240.44(1) and 240.45(1)(a), the People hereby attach photocopies of the documents listed below:

     1.  ECAB SCREENING SHEET
     2.  TYPED ARREST REPORT
     3.  TYPED COMPLAINT REPORT
     4.  PROPERTY CLERK INVOICE #3000812963

Each of the attached photocopies is an exact reproduction of the original document except to the extent that the following information has been redacted:  i) the addresses and telephone numbers of witnesses; ii) the names of any confidential informants; iii) the names and tax registry numbers of any undercover police officers; iv) the tax registry numbers of any police officers.

Dated: Brooklyn, New York
       August 31, 2017

                               Inna Shapovalova
                               Assistant District Attorney
                               Kings County District Attorney's Office
                               350 Jay Street, 11th Floor
                               Trial Zone 4 / Green
                               Phone:  (718) 250-3793
                               Email: shapovai@brooklynda.org

**Next Court Date:**    09/05/2017
**Filed with court by:**   In court
**Served on defense by:**  In court

                                                            LAY 4



**OFFICE OF THE DISTRICT ATTORNEY, KINGS COUNTY**

RENAISSANCE PLAZA at 350 JAY STREET
BROOKLYN, N.Y. 11201-2908
(718) 250-2000

ERIC GONZALEZ
*Acting District Attorney*

## Complaint Room Screening Sheet

| | | | | |
|---|---|---|---|---|
| Screener: | | Bureau: Trial Bureau 4 - Green | | Narcotics: N |
| Screening date:  May 08, 2017 | | | | |
| 180.80 Date: 05/10/17 | | | | |
| GJ Date: 05/09/17 | GJ Time: 09:30 | | | |

### Defendants

| Name - Last, First | | Arrest Number | Sex | DOB | Age | Complaint/DP | Class | |
|---|---|---|---|---|---|---|---|---|
| LAY, HOA | | K17630522 | M | 04/04/72 | 045 | 1 | Felony | Grand Jury |
| | Gang member □ | | | | | | | |

### TPOs

| | Date/Time | Place | PCT | Near School (if narcotics sale) |
|---|---|---|---|---|
| 1 | 05/04/17 15:30  to: | 5010 OCEANVIEW AVENUE | 060 | □ |

### Arrests

| Defendant | Date/Time | Place |
|---|---|---|
| LAY, HOA | 05/04/17  15:41 | 5010 OCEANVIEW AVENUE |
| Circumstances: | | |
| Arrest Charges:  PL 1200001  PL 1401000  PL 2053000  PL 2402001 | | |

### Complaint Charges

| | | |
|---|---|---|
| LAY, HOA | TPO 1 | PL 140.05, PL 140.10(A), PL 240.26(1), PL 205.30, PL 120.00(1), PL 195.05, PL 120.05(3) |

**TRESPASS**

LOCATION: INSIDE FENCED BEACH AREA OF A GATED COMMUNITY

BEFORE TPO: A NEIGHBOR CALLED 911 REGARDING A TRESPASS.

AT TPO:

AO AND PO DARRIEN PHILLIPS, SHIELD NO. 2013, OF THE 985 COMMAND WERE IN UNIFORM, AND ON PATROL.  AO AND PO PHILLIPS CARRIED TASERS, BUT NOT FIREARMS.

AO AND PO PHILLIPS ARRIVED.

DEF WAS AT THE LOCATION.

DEF STATED TO AO, IN SUM AND SUBSTANCE, I DO NOT LIVE AT THE LOCATION, I FISH ALL THE TIME, AND I WALKED AROUND A FENCE TO GET TO THE LOCATION.

PO PHILLIPS GRABBED DEF'S HANDS TO HANDCUFF THE DEF, AND DEF FLAILED DEF'S ARMS.

AO ARRESTED DEF.

DEF STATED TO AO, IN SUM AND SUBSTANCE, I GOT A C-SUMMONS FOR TRESPASSING AT THE SAME LOCATION A COUPLE OF YEARS AGO.

PO PHILLIPS SUSTAINED A CONTUSION TO THE WRIST.
PO PHILLIPS WAS TREATED NEW YORK COMMUNITY HOSPITAL, TREATED AND RELEASED.
NO PHOTOS TAKEN OF THE INJURY.

AO AND PO PHILLIPS WORE BODY CAMERAS.  VIDEO AVAILABLE, NOT WATCHED AT ECAB.

### Injuries

DARRIEN PHILLIPS

Description of Injuries: A CONTUSION TO THE WRIST

| Medical Treatment  Y  Date:  00/00/00  Hospital: NEW YORK COMMUNITY HOSPIT | Photo taken □ |
|---|---|

Medical Treatment Description: TREATED AND RELEASED

### Statements

| Defendant | Date/Time | Place | Statement Made To | Form of Stmt. |
|---|---|---|---|---|
| LAY, HOA | 5/4/17 15:41 | 3700 SURF AVENUE | ROBERTO OPPEDISANO, shield:0, CMD:E16 | Oral |

Circumstances:

After Miranda Rights ; Given By:

DEF STATED TO AO, IN SUM AND SUBSTANCE, I GOT A C-SUMMONS FOR TRESPASSING AT THE SAME LOCATION A COUPLE OF YEARS AGO.

| | | | | |
|---|---|---|---|---|
| LAY, HOA | 5/4/17 15:30 | LOCATION | ROBERTO OPPEDISANO, shield:0, CMD:E16 | Oral |

Circumstances:

After Miranda Rights ; Given By:

DEF STATED TO AO, IN SUM AND SUBSTANCE, I DO NOT LIVE AT THE LOCATION, I FISH ALL THE TIME, AND I WALKED AROUND A FENCE TO GET TO THE LOCATION.

LAY 5

**PO Interview**

OPPEDISANO, ROBERTO, shk (Assigned PO)       Interview:In Person
If No Interview - Reason:

DARRIEN PHILLIPS (OTHER          )        Interview:No Interview
If No Interview - Reason:

LAY 6

ARREST Report - K17630522                                                    Page 1 of 3



**New York City Police Department**
**Omniform System - Arrests**

| *RECORD STATUS: ARR PRC CMPL* | Arrest ID: K17630522 - Q |
| --- | --- |

**Arrest Location: REAR OF 5010 OCEANVIEW AVENUE** | Pct: 060

**Arrest Date: 05-04-2017**   Processing Type: ON LINE   Current Location of Perpetrator:

**Time: 15:41:00**   DCJS Fax Number: KO021519   Borough: Brooklyn

Sector: 'D   Special Event Code: NO -   Type:

Strip Search Conducted: NO   DAT Number: 0   Location: POLICE SERVICE AREA 1

Viper Initiated Arrest: NO

Stop And Frisk: NO   Return Date: 0000-00-00

Serial #: 0000-000-00000

**COMPLAINTS:**   Arrest #: K17630522

| COMPLAINT NUMBER | REPORT DATE | RECORD STATUS | OCCUR DATE | OCCUR TIME |
| --- | --- | --- | --- | --- |
| 2017-060-02413 | 2017-05-04 | Reserved # for Arrest 2017-05-04 | | 15:30 |

**CHARGES:**   Arrest #: K17630522

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
| --- | --- | --- | --- | --- | --- | --- |
| TOP | No | PL 205.30 | M | A | 1 | RESISTING ARREST |
| #02 | No | PL 120.00 01 | M | A | 1 | ASLT WINT CAUSES PHYS INJURY |
| #03 | No | PL 140.10 | M | B | 1 | CRIMINAL TRESPASS-3RD |
| #04 | No | PL 240.20 01 | V | 0 | 1 | DIS/CON:FIGHT/VIOLENT BEHAVIOR |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | | Test Given: | B.A.C: | Reason Not Forfeit: |
| --- | --- | --- | --- | --- | --- | --- |

**DETAILS:**   Arrest #: K17630522

AT TPO WHILE RESPONDING TO 10-39 (TRESPASSING) IN REAR OF 5010 OCEANVIEW AVE, PERP REFUSED TO LEAVE . PERP THEN REFUSED TO PROVIDE IDENTIFICATION. WHEN APPROACHED NY P/O PHILLIPS(TAX#     ) WHILE ATTEMPTED TO ARREST PERP, PERP WRESTLE P/O TO THE GROUND . P/O PHILLIPS SUSTAINED INJURY TO HIS LEFT WRIST AND LEFT INDEX FINGER. PERP WASN'T VISITING AND DOES NOT LIVE IN GATED COMMUNITY. NO TRESPASS SIGNS ARE POSTED

**DEFENDANT: LAY, HOA**   NYSID #:   Arrest #: K17630522

| | | |
| --- | --- | --- |
| Nick/AKA/Malden: JOHNY | Height: 5FT 11IN | Order Of Protection: NO |
| Sex: MALE | Weight: 180 | Issuing Court: |
| Race: ASIAN/PAC.ISL | Eye Color: BROWN | Docket #: |
| Age: 45 | Hair Color: BLACK | Expiration Date: |
| Date Of Birth: 04/04/1972 | Hair Length: SHORT | Relation to Victim: STRANGER |
| U.S. Citizen: NO | Hair Style: STRAIGHT | Living together: NO |
| Place Of Birth: CHINA | Skin Tone: MEDIUM | Can be Identified: YES |
| Is this person not Proficient in English?: NO | Complexion: CLEAR | |
| If Yes, indicate Language: | | |
| Accent: NO | Soc.Security #: 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 | |
| | Occupation: CAB DRIVR LICENSED | Gang/Crew Affiliation: NO |
| Identification ID: NYS Drivers License or Permit | | Name: |
| Identification #: 999069033 | | Identifiers: |
| Physical Condition: APPARENTLY NORMAL. | Lic/Permit Type: | |
| Drug Used: NONE | Lic/Permit No: | |

http://omniform.nypd.org/omniform/globalreports/webFocusReport.do?sealRec=Y&IBIF_e...   5/4/2017

LAY 7

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 7605 21 AVENUE | BROOKLYN NEW YORK | | 11214 | | 062 |

| Phone # and E-Mail Address: | |
|---|---|

| N.Y.C.H.A. Resident: NO | N.Y.C. Housing Employee: NO | On Duty: YES |
|---|---|---|
| Development: | N.Y.C. Transit Employee: NO | |

**Physical Force: USED**

| Used Transit System: NO |
|---|
| Station Entered: |
| Time Entered: |
| Metro Card Type: |
| Metro Card Used/Poses: |
| Card #: |

| CRIME DATA | DETAILS |
|---|---|
| STATEMENTS MADE | IM JUST FISHING |
| MODUS OPERANDI | UNKNOWN |
| MODUS OPERANDI | TRESPASSING |
| ACTIONS TOWARD VICTIM | UNK |
| CLOTHING | OUTERWEAR - SWEAT SHIRT OR JOGGING JACKET - GRAY |
| CLOTHING | FOOTWEAR - WORK BOOTS - BLACK |
| CLOTHING | HEADGEAR - UNK - UNKNOWN COLOR |
| CLOTHING | ACCESSORIES - UNK - UNKNOWN COLOR |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | -UNKNOWN |
| IMPERSONATION | UNKNOWN |

| **JUVENILE DATA:** | Arrest #: K17630522 |
|---|---|

| Juvenile Offender: | Relative Notified: | Personal Recog: |
|---|---|---|
| Number Of Priors: 0 | Name: | |
| School Attending: | Phone Called: | |
| Mother's Maiden Name: | Time Notified: | |

| **ASSOCIATED ARRESTS:** | Arrest #: K17630522 |
|---|---|

| ARREST ID | COMPLAINT # |
|---|---|

**No Vehicles for Arrest #**

| **DEFENDANTS CALLS:** | Arrest #: K17630522 |
|---|---|

| CALL # | NUMBER DIALED | NAME - PROVIDED BY DEFENDANT | NAME AS LISTED IN CELL PHONE | RELATIONSHIP | CALL COMPLETED |
|---|---|---|---|---|---|
| 1 | 917-518-8276 | LIANG,JANICE | JANICE | WIFE | YES |

| **INVOICES:** | Arrest #: K17630522 |
|---|---|

| INVOICE# | COMMAND | PROPERTY TYPE | VALUE |
|---|---|---|---|

| **ARRESTING OFFICER: ROBERTO OPPEDISANO** | Arrest #: K17630522 |
|---|---|

| Tax Number: ■■■ | On Duty: YES | Force Used: YES |
|---|---|---|
| Other ID (non-NYPD): ■■■ | In Uniform: YES | |
| Shield: 0 | Squad: T3 | Type: FORCIBLE TAKE DOWN |
| Department: SGPD | Chart: 38 | Reason: OVERCOME RESIST/AGGR |
| Command: | Primary Assignment: | Officer Injured: NO |

| **Assigned Officer: OPPEDISANO, ROBERTO** | Department: SGPD | Command: | Tax Number: | Other ID (non-NYPD): 100403 |
|---|---|---|---|---|

| Arresting Officer Name: OPPEDISANO, ROBERTO | Tax #: ■■■ | Command: | Agency: SGPD |
|---|---|---|---|

LAY 8

| Supervisor Approving: SGT ROMANI JOHN | Tax #: | Command: 801 | Agency: NYPD |
| Report Entered by: POM ZHOU, SAMMY | Tax #: | Command: 801 | Agency: NYPD |

# END OF ARREST REPORT
# K17630522

Print this Report    Add an another Arrest

LAY 9

Complaint 2017-060-02413

Page 1 of 4

# New York City Police Department
## Omniform System - Complaints

| Report Cmd: 060 | Jurisdiction: N.Y. POLICE DEPT | Record Status: Ready for Signoff, with Arrest | Complaint #: 2017-060-02413 | No Other Legacy Blue Versions | No Other Complaint Revisions |
|---|---|---|---|---|---|

| Occurrence Location: | REAR OF 5010 OCEANVIEW AVENUE | NYC Parks Dept. Property | Precinct: 060 |
|---|---|---|---|

**Name Of Premise:** BEACH
**Premises Type:** OTHER
**Location Within Premise:**
**Visible By Patrol?:** NO

Did this offense occur on NYC Parks Dept. Property? NO
**Command:**
NYC Parks Dept. Property Name:

Sector: D
Beat:
Post:

**Occurrence From: 2017-05-04 15:30 THURSDAY**
Occurrence thru:
Reported: 2017-05-04   17:27
Complaint Received: RADIO

Aided # 000000993
Accident #
O.C.C.B. #

### Classification: ASSAULT
**Attempted/Completed:** COMPLETED
**Most Serious Offense is:** MISDEMEANOR
**PD Code:** 101  ASSAULT 3
**PL Section:** 12000
**Keycode:** 344  ASSAULT 3 & RELATED OFFENSES

### Case Status: CLOSED
**Unit Referred To:**
**Clearance Code:** UNIFORM ARREST
**Log/Case #:** 0
**Clearance Arrest Id:**
**Clearance AO Cmd:**
**File #:** 38
**Prints Requested?** NO

| Is This Related To Stop And Frisk Report NO | SQF Number: 0000-000-00000 | Was The Victim's Personal Information Taken Or Possessed? NO | Was The Victim's Personal Information Used To Commit A Crime? NO |
|---|---|---|---|

| Gang Related? NO | OCCB FOD Log #: | Name Of Gang: | Child Abuse Suspected? NO |
|---|---|---|---|

| DIR Required? NO | Child In Common? NO | | Intimate Relationship? NO |
|---|---|---|---|

**If Burglary:**
Forced Entry?
Structure:
Entry Method:
Entry Location:

**Alarm:**
Bypassed?
Comp Responded?
Company Name/Phone:
- -
Crime Prevention Survey Requested?:
Complaint/Reporter Present?:

**If Arson:**
Structure:
Occupied?:
Damage by:

**Taxi Robbery:**
Partition Present:
Amber Stress Light Activated:
Method of Conveyance:
Location of Pickup:

| Supervisor On Scene - Rank / Name / Command: | Canvas Conducted: NO | Translator(If used): |
|---|---|---|

**NARRATIVE:**
AT TPO WHILE RESPONDING TO 10-39 (TRESPASSING) IN REAR OF 5010 OCEANVIEW AVE, PERP REFUSED TO LEAVE , PERP THEN REFUSED TO PROVIDE IDENTIFICATION. WHEN APPROACHED NY P/O PHILLIPS(TAX# ___) WHILE ATTEMPTED TO ARREST PERP. PERP WRESTLE P/O TO THE GROUND . P/O PHILLIPS SUSTAINED INJURY TO HIS LEFT WRIST AND LEFT INDEX FINGER. PERP WASN'T VISITING AND DOES NOT LIVE IN GATED COMMUNITY. NO TRESPASS SIGNS ARE POSTED.

## No NYC TRANSIT Data for Complaint # 2017-060-02413

LAY 10

Complaint# 2017-060-02413

| Total Victims: 2 | Total Witnesses: 0 | Total Reporters: 0 | Total Wanted: 1 |
|---|---|---|---|

| **VICTIM: # 1 of 2** | Name: PHILLIPS,DARRIEN A | Complaint#: 2017-060-02413 |
|---|---|---|

Nick/AKA/Maiden:
UMOS:
Sex/Type:
Race:
Age:
Date Of Birth:
Disabled? NO

Is this person not Proficient in English? NO
If Yes, Indicate Language:
N.Y.C.H.A Resident? NO
Is Victim fearful for their safety / life? NO
Escalating violence / abuse by suspect? NO
Were prior DIR's prepared for C/V?

Gang/Crew Affiliation: NO
Name:
Identifiers:

Will View Photo: YES
Will Prosecute: YES
Notified Of Crime Victim Comp. Law: YES

| LOCATION | ADDRESS | CITY | STATE/COUNTRY ZIP | APT/ROOM |
|---|---|---|---|---|
| BUSINESS | | | | |
| HOME-PERMANENT | | | | |

Phone #: HOME: Not Provided/Unavailable CELL: ~~~~ BUSINESS:Not Provided/Unavailable BEEPER: Not Provided/Unavailable
E-MAIL: Not Provided/Unavailable

| Action against Victim: | Actions Of Victim Prior To Incident: ATTEMPTING TO ARREST |
|---|---|
| Victim Of Similar Incident: NO | If Yes, When And Where |

| **VICTIM: # 2 of 2** | Name: SEAGATE ASSOCITAION | Complaint#: 2017-060-02413 |
|---|---|---|

Nick/AKA/Maiden:
UMOS:
Sex/Type: BUSINESS
Race: UNKNOWN
Age: 0
Date Of Birth: UNKNOWN
Disabled? NO

Is this person not Proficient in English?
If Yes, Indicate Language:
N.Y.C.H.A Resident?
Is Victim fearful for their safety / life?
Escalating violence / abuse by suspect?
Were prior DIR's prepared for C/V?

Gang/Crew Affiliation: NO
Name:
Identifiers:

Will View Photo: YES
Will Prosecute: YES
Notified Of Crime Victim Comp. Law: YES

| LOCATION | ADDRESS | CITY | STATE/COUNTRY ZIP | APT/ROOM |
|---|---|---|---|---|
| BUSINESS | 3700 SURF AVENUE | BROOKLYN | NEW YORK 11224 | |

Phone #: HOME: Not Provided/Unavailable CELL: Not Provided/Unavailable BUSINESS:718-449-4400 BEEPER: Not Provided/Unavailable
E-MAIL: Not Provided/Unavailable

| Action against Victim: | Actions Of Victim Prior To Incident: N/A |
|---|---|
| Victim Of Similar Incident: NO | If Yes, When And Where |

| **WANTED: # 1 of 1** | Name: LAY, HOA | Complaint#: 2017-060-02413 | Arrested: YES |
|---|---|---|---|

http://omniform.nypd.org/omniform/globalreports/complaintFilter.do

5/4/2017

LAY 11

Complaint# 2017-060-02413

| | |
|---|---|
| Nick/AKA/Maiden: JOHNY | Height: 5FT11IN |
| Sex: MALE | Weight: 180 |
| Race: ASIAN/PAC.ISL | Eye Color: BROWN |
| Age: 45 | Hair Color: BLACK |
| Date of Birth: 04/04/1972 | Hair Length: SHORT |
| U.S. Citizen: NO | Hair Style: STRAIGHT |
| Place of Birth: CHINA | Skin Tone: MEDIUM |
| Is this person not Proficient in English?: NO | Complexion: CLEAR |
| If Yes, Indicate Language: | |
| Accent: NO | S.S. #: 0 |

| |
|---|
| Order Of Protection: NO |
| Issuing Court: |
| Docket #: |
| Expiration Date: |
| Order of Protection Violated? NO |
| Does Suspect abuse Drugs / Alcohol? NO |
| Suspect threatened /attempted suicide? NO |
| Is the suspect Parole / Probation? NO |
| Relation to Victim: STRANGER |
| Living together: NO |
| Can be Identified: YES |

Gang/Crew Affiliation: NO
Name:
Identifiers:

| LOCATION | ADDRESS | CITY | STATE/COUNTRY ZIP | APT/ROOM | HOW LONG? | RES. PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 7606 21 AVENUE | BROOKLYN | NEW YORK 11214 | | | 062 |

Phone #: HOME: - - CELL: - - BUSINESS: - - BEEPER: - - E-MAIL:

N.Y.C.H.A. Resident: NO   N.Y.C. Housing Employee: NO   On Duty: YES
Development:   N.Y.C. Transit Employee: NO

Physical Force: USED

| |
|---|
| Used Transit System: |
| Station Entered: |
| Time Entered: |
| Metro Card Type: |
| Metro Card Used/Poses: |
| Card #: |

| CRIME DATA | DETAILS |
|---|---|
| STATEMENTS MADE | IM JUST FISHING |
| MODUS OPERANDI | UNKNOWN |
| MODUS OPERANDI | TRESPASSING |
| ACTIONS TOWARD VICTIM UNK | |
| CLOTHING | OUTERWEAR -SWEAT SHIRT OR JOGGING JACKET -GRAY |
| CLOTHING | FOOTWEAR -WORK BOOTS -BLACK |
| CLOTHING | HEADGEAR -UNK -UNKNOWN COLOR |
| CLOTHING | ACCESSORIES -UNK -UNKNOWN COLOR |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | -UNKNOWN |
| IMPERSONATION | UNKNOWN |

ARRESTS:                               Complaint # 2017-060-02413

| Arrest ID | Status | Defendant Name | Sex | Race | AGE | Arrest Date |
|---|---|---|---|---|---|---|
| K17630522 | ACTIVE | LAY, HOA | MALE | ASIAN/PACIFIC | 45 | 05/04/2017 |

No IMEI Data for Complaint # 2017-060-02413

| Reporting/Investigating M.O.S. Name: PO OPPEDISANO ROBERTO | Tax #: | Command: 985 | Rep.Agency: OTHR |
|---|---|---|---|
| Supervisor Approving Name: SGT ROMANI JOHN | Tax #: | Command: PSA 1 | Rep.Agency: NYPD |
| Complaint Report Entered By: POM ZHOU | Tax #: | Command: PSA 1 | Rep.Agency: NYPD |

http://omniform.nypd.org/omniform/globalreports/complaintFilter.do                5/4/2017

LAY 12

Complainant 2017-060-02413

| Signoff Supervisor Name: | | Tax #: 000000 | Command: | Rep.Agency: |
|---|---|---|---|---|

**END OF COMPLAINT REPORT**
**# 2017-060-02413**

Print this Report

LAY 13

 **NYPD PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
Property Clerk Invoice
PD 521-141(Rev. 11/09)


Invoice No. **3000812963**

| Invoicing Command | | | | | Invoice Status |
|---|---|---|---|---|---|
| **HOUSING PSA 1** | | | | | **OPEN** |

| Invoice Date | | Property Type | | | Property Category |
|---|---|---|---|---|---|
| **05/04/2017** | | **JEWELRY** | | | **SAFEKEEPING** |

| Officers | Rank | Name | Tax No. | Command | | |
|---|---|---|---|---|---|---|
| Invoicing | P.O | OPPEDISANO, ROBERTO | ▓▓▓ | SEAGATE POLICE | OCME. EU No. | |
| Arresting | P.O | OPPEDISANO, ROBERTO | ▓▓▓ | OTHER | OCME. FB No. | |
| Investigating | N/A | | | | Police Lab Evid. Ctrl. No. | |
| Det Squad Supervisor | N/A | | | | Det Sqd. Case No. | N/A |
| CSU/ECT Processing | N/A | | | | CSU/ECT Run No. | N/A |

| Item | Total QTY | Article(s) | | | PETS No. | Pkg. QTY | Disposition |
|---|---|---|---|---|---|---|---|
| 1 | 1 | NECKLACES | | | 1100217064 | 1 | |
| | | MAKE: N/A COLOR: RED SERIAL No.: N/A | | | | | |
| | | LEAD SEAL NO.: 801027 | | | | | |
| | | RED NECKLACE WITH BUDA MEDALION ATTACHED | | | | | |

**REMARKS:** ▓▓▓▓ 05/04/2017 22:47 : ABOVE ITEM WAS VOUCHERED FOR SAFE KEEPING

| Date Of Incident | Penal Code/Description | | Crime Classification | Related To | | Receipt |
|---|---|---|---|---|---|---|
| 05/04/2017 | 12000/ASSAULT | | MISDEMEANOR | N/A | | ACCEPTED |

| Prisoner(s) Name | | D.O.B | Age | Address | | Arrest No./Summons No. | NYSID No. |
|---|---|---|---|---|---|---|---|
| 1 | LAY, HOA | 04/04/1972 | 45 | 7605 21 AVENUE, 3F, BROOKLYN, NY- 11214 | | K17630622 | 999069033 |

| Finder(s) | Name | Tax No. | Address | Phone. No |
|---|---|---|---|---|
| Owner(s) | LAY, HOA | | 7605 21 AVENUE, BROOKLYN, NY- 11214 | |
| Complainant(s) | PHILLIPS, DARRIEN | | 3700 SURF AVE, BROOKLYN, NY- 11224 | |
| Complainant(s) | SEAGATE ASSOCITAION | | 3700 ,SURF AVENUE, BROOKLYN, NY- 11224 | |

| Complaint No. | 2017-060-02413 |
|---|---|
| Related Comp No.(s) | N/A |
| Aided/Accident No.(s) | N/A |
| Related Invoice(s) | N/A |


Invoice No. **3000812963**

printed: 05/04/2017 22:59

PCD Storage No. --

Page No. 1 of 2

LAY 14

 

**NYPD PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev. 11/09)

Invoice No. **3000812963**

| Approvals | Rank | Name | Tax No. | Command | Date | Time |
|---|---|---|---|---|---|---|
| Entered By | POM | ZHOU, SAMMY | | PSA 1 | 05/04/2017 | 22:42 |
| Invoking Officer | P.O | OPPEDISANO, ROBERTO | | SEAGATE POLICE | 05/04/2017 | 22:58 |
| Approved By | SGT | ROMANI, JOHN | | PSA 1 | 05/04/2017 | 22:58 |

Invoice No. **3000812963**

printed: 05/04/2017 22:59

PCD Storage No. **

Page No. 2 of 2

LAY 15